RAYMOND ELLIOTT *v.* BEVERLY ELLIOTT
(4838)

BORDEN, DALY and NORCOTT, Js.

Argued November 19, 1987—decision released May 31, 1988

*Richard B. Laschever,* for the appellant (defendant).

*W. David Keith,* for the appellee (plaintiff).

NORCOTT, J. The defendant wife appeals challenging the financial orders rendered by the state trial referee incident to the judgment dissolving the marriage between the parties. Specifically, the defendant claims that the trial court erred (1) in forgiving the alimony arrearage owed to the defendant and rescinding the wage execution ordered on the plaintiff's pay, (2) in failing to consider certain contributions made to the defendant's support by her mother and sister, (3) in awarding the defendant only $700 in attorney's fees, and (4) in fashioning the remainder of the award. We find error in part.

The plaintiff and defendant were married on August 14, 1971. There were no children born of the marriage. On August 6, 1979, the plaintiff commenced the present action for dissolution. Thereafter, the defendant filed a motion for alimony pendente lite which was granted by the court on November 25, 1980. The court ordered the plaintiff to pay to the defendant a weekly sum of $35 as alimony pendente lite. The court further ordered the plaintiff to pay all of the defendant's medical bills and to maintain medical insurance for her benefit.

The plaintiff failed to keep up with these payments, and on August 18, 1982, the defendant filed a motion for contempt, wage execution and counsel fees. Before

this motion could be argued before the court, however, the plaintiff paid all past due amounts. In the three years that followed, the plaintiff was continually falling into arrears with respect to his obligation to provide alimony pendente lite to the defendant. The defendant filed several motions for contempt, and the plaintiff made several unsuccessful attempts to become current in his payments. Finally, on August 27, 1985, the trial court found the plaintiff in contempt. The court found an arrearage of $3415 as of August 23, 1985 and ordered a wage execution against the plaintiff in the amount of $45 per week, $35 towards the current order and $10 towards the arrearage.

The case was tried before a state trial referee on November 6, 1985. On January 2, 1986, the referee granted the dissolution and ordered that the marital residence be sold and the proceeds distributed 35 percent to the plaintiff and 65 percent to the defendant. In addition, the trial referee ordered the previously determined arrearage forgiven and the wage execution suspended. Finally, the referee ordered the plaintiff to pay $700 toward the defendant's attorney's fees and ordered the plaintiff to maintain the defendant on his medical and dental policies. From these financial orders, the defendant appeals.

The defendant's first claim is that the trial referee erred in forgiving the plaintiff's arrearage and in rescinding the wage execution against the plaintiff. It is the defendant's contention that, by taking this action, the trial referee retroactively modified the earlier order for alimony pendente lite. Such retroactive modification, the defendant contends, is not permitted under General Statutes § 46b-86.

It is clear that a trial court does have the authority to modify an award of alimony. General Statutes § 46b-86 (formerly § 46-54) provides that "[u]nless and

to the extent the decree precludes modification, any final order for the periodic payment of permanent alimony or support or alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party." This statute has long been held to authorize the modification of periodic alimony for the future. *Scoville* v. *Scoville,* 179 Conn. 277, 279, 426 A.2d 271 (1979); see also *Grinold* v. *Grinold,* 172 Conn. 192, 195, 374 A.2d 172 (1977); *Viglione* v. *Viglione,* 171 Conn. 213, 215, 368 A.2d 202 (1976). In *Sanchione* v. *Sanchione,* 173 Conn. 397, 378 A.2d 522 (1979), however, our Supreme Court held that this statute is not to be construed so as to permit the retroactive modification of alimony awarded at the time of dissolution. The question in the case before us is whether the *Sanchione* reasoning also prevents the retroactive modification of pendente lite alimony.

In *Sanchione,* our Supreme Court articulated several compelling reasons why General Statutes § 46b-86 should not be construed so as to permit the retroactive modification of an alimony award entered at the time of dissolution. Among the reasons cited by the court for precluding such retroactive modification were the following: (1) unpaid alimony installments are in the nature of a final judgment which cannot be retroactively disturbed; (2) prohibiting the retroactive modification of alimony would prevent hardship to alimony recipients by protecting their expectations and enabling them to rely on the continuing alimony obligations of the paying spouse; (3) a modifiable alimony decree is not entitled to full faith and credit in another state's courts, at least not where the spouse has failed to take the final step of reducing the alimony arrearage to a judgment for money owed; and (4) trial judges asked to modify an alimony order retroactively might

well become engaged in what would essentially be appellate review of another trial judge's judgment. Id., 405–406.

These considerations apply with equal force to pendente lite alimony orders. First, like unpaid installments of an alimony award entered at the time of dissolution, accrued and unpaid installments of alimony pendente lite are, in effect, debts which have become vested rights of property which the court cannot take away. *Smith* v. *Smith,* 151 Conn. 292, 297, 197 A.2d 65 (1964); *German* v. *German,* 122 Conn. 155, 164, 188 A. 429 (1936); see also *Parenti* v. *Parenti,* 71 R.I. 18, 41 A.2d 313 (1945). "No basis exists for any differentiation in this respect between Connecticut orders made as incident to a final decree of divorce and those granted pendente lite . . . ." *Smith* v. *Smith,* supra, 297. Next, we note that the purpose of alimony pendente lite is to provide a party with support during the pendency of the dissolution action. Id. Allowing a court to modify an award of alimony pendente lite retroactively at the time the dissolution is granted would frustrate that purpose because it would encourage spouses to delay making their alimony payments until the time of dissolution, hoping that the order for alimony pendente lite would be forgiven or changed at that time. Lastly, the recipients of alimony pendente lite may have a need to enforce such orders in another state and trial judges retroactively modifying an award of alimony pendente lite would actually be engaging in appellate review of another trial judge's judgment.

Because the factors discussed in *Sanchione* apply with equal force to orders for alimony pendente lite, we conclude that such orders are not retroactively modifiable. This decision is supported by our Supreme Court's ruling in *Tobey* v. *Tobey,* 165 Conn. 742, 345 A.2d 21 (1974). In *Tobey,* the Supreme Court noted that it would be error for a trial court to fail to cite a defendant

for contempt or to fail to incorporate an accumulated arrearage of pendente lite alimony in a final order granting dissolution. Id., 745–46.

Having determined that orders for alimony pendente lite cannot be retroactively modified, we must determine whether the action taken by the trial court in this case was, in fact, a retroactive modification. We conclude that it was. By forgiving the arrearage, the trial court effectively changed the terms of the earlier order for alimony pendente lite. *Sanchione* v. *Sanchione,* supra. The plaintiff's claim that the trial court's order was a permissible assignment of the defendant's right to levy against him under General Statutes § 46b-81 (a), rather than a retroactive modification under General Statutes § 46b-86, is a novel but unresponsive argument. Regardless of the authority under which the trial court entered the order forgiving the arrearage, the effect was that the pendente lite order was modified. Accordingly, we find error on this claim.

The defendant's second claim is that the trial court erred in failing to consider certain contributions made to the defendant's support by her mother and sister. We disagree.

General Statutes § 46b-82 provides that "[i]n determining whether alimony shall be awarded, and the duration and amount of the award, the court . . . shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties . . . ." In fixing the nature and value of the property to be assigned, the court, in addition to the criteria listed in General Statutes § 46b-82, must also consider "the opportunity of each for future acquisition of capital assets and income . . . [as well as] the contribution of each of

the parties in the acquisition, preservation or appreciation in value of their respective estates." General Statutes § 46b-81 (c). While the trial court must consider each of these factors, no single factor is preferred over the others, and the court is accorded wide latitude in varying the weight placed upon each item under the peculiar circumstances of each case. *Carpenter* v. *Carpenter,* 188 Conn. 736, 740–41, 453 A.2d 1151 (1982).

Our review of the record indicates that the trial court properly considered all of the statutory criteria set forth in General Statutes §§ 46b-81 and 46b-82. While the trial court, in its memorandum of decision, made no specific reference to the contributions made to the defendant's care by her mother and sister, " '[t]he court is not obligated to make an express finding on each of [the] statutory criteria.' *Weiman* v. *Weiman,* 188 Conn. 232, 234, 449 A.2d 151 (1982)." *Carpenter* v. *Carpenter,* supra, 740. Accordingly, with respect to this claim we find no error.

The defendant's final two claims of error relate to the trial court's discretion in rendering the financial awards. First, the defendant claims that the trial court erred in awarding her only $700 in attorney's fees. As our court has often noted "[w]hether to allow counsel fees, and if so in what amount, lie within the broad discretion of the trial court. . . . In exercising its broad discretion, the court must consider the statutory criteria set out in General Statutes §§ 46b-62 and 46b-82 and the respective financial abilities of the parties." (Citations omitted.) *Vaiuso* v. *Vaiuso,* 2 Conn. App. 141, 151, 477 A.2d 678, cert. denied, 194 Conn. 807, 482 A.2d 712 (1984); see also *Voloshin* v. *Voloshin,* 12 Conn. App. 626, 631–32, 533 A.2d 573 (1987). Our review of the record indicates that the trial court did not abuse its discretion in awarding only $700 in attorney's fees in this case.

Lastly, the defendant claims that the trial court erred in fashioning the remainder of the award. The trial court is accorded broad discretion in awarding alimony and allocating property in dissolution actions. *Little* v. *Little,* 14 Conn. App. 195, 196, 540 A.2d 102 (1988). After reviewing the record, we cannot say the trial court abused that discretion in this case.

There is error in part, that part of the judgment forgiving the arrearage in pendente lite alimony and rescinding the wage execution against the plaintiff is set aside and the case is remanded with direction to modify the judgment to include the arrearage and wage execution.

In this opinion the other judges concurred.