[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR MODIFICATION, DEFENDANT'S MOTION TO REARGUE AND RECONSIDERATION AND PLAINTIFF'S MOTION FOR CONTEMPT
This is the third time this matter has been before the court on modification since the original decree in July, 1988. This matter was before the court in September, 1989 on the defendant's motion for modification. This matter was before the court again in July, 1990 on the plaintiff's motion for modification (see Memorandum of Decision dated August 20, 1990). It is now before the court again on defendant's motion for modification.
At the time of the hearing in July, 1990, the defendant was taking early retirement and expected to move to Arizona to form a new accounting partnership. In the parties' separation agreement filed at the time of the original decree (which was approved by the court and upon which the court entered orders), it was agreed that the plaintiff would receive 40 per cent of any retirement payments upon the defendant's retirement. That amount was then computed to be $936.00 per month, whereas at the time of the decree the plaintiff was receiving $2,000.00 per month by way of alimony, subsequently increased to $2,500.00 per month. Upon the plaintiff's motion, this was reduced to $1,800.00 per month effective August 1, 1990. of this amount, $864.00 was to be taxable to the plaintiff. The amount of $936.00, which the court found to be 40 per cent of the defendant's retirement, was to be nontaxable to the plaintiff.
The defendant was a former partner in the, national accounting firm of Laventhal Horwath. That firm has filed in bankruptcy and all pension payments to the defendant have ceased. In addition, the defendant has been notified of sums he must return to the firm.
At the time of the hearing on the defendant's motion for modification, the plaintiff did not appear. Her situation is, however, exactly as before. She is attending Harper Community College as a full time student in her first year of a two year nursing program which she expects to complete in May, 1992.
In its Memorandum of Decision of August 20, 1990, the CT Page 2674 court contemplated that the plaintiff would continue to receive 40 per cent of the defendant's retirement from Laventhal and Horwath ($936.00). Based upon the evidence at the current hearing, it is clear that the defendant will no longer receive his retirement benefit. The court finds that there has been a substantial change in the circumstances of the parties and finds further that cessation of the defendant's retirement benefits was not contemplated by the parties at the time of the previous modification or, indeed, at the time of the original decree.
As has been previously noted in memoranda filed earlier in this case, the court, in ruling upon a motion for modification, is entitled to consider all of the factors of46b-82 of the General Statutes. McCann v. McCann, 191 Conn. 447,452 (1983); Cersosimo v. Cersosimo, 188 Conn. 385, 404
(1982); Hardisty v. Hardisty, 183 Conn. 253, 258 (1981); Matles v. Matles, 8 Conn. App. 76, 81 (1986). For modification of alimony the burden of proof rests upon the moving party to show that continued operation of the original order would be unfair or improper. McGuinness v. McGuinness, 185 Conn. 7, 10 (1981).
The court finds that the moving party (the defendant in this motion) has sustained his burden of proof. The court finds, also, that it would be unfair and inequitable that alimony continue in the amount of $1,800.00 per month. The court modifies its modification of decree in August, 1990 and orders that the defendant shall pay to the plaintiff by way of alimony an amount of $1,250.00 per month terminable upon the death of either of the parties or the plaintiff's remarriage.
A further question the court must consider in this case is the effective date of the modified order. The defendant has requested that the orders be modified retroactively to September 6, 1990. The date of filing of the motion for modification was, however, September 19, 1990. While it is certainly clear that the court has the authority under46b-86 (a) to modify support for the future, the statute is not to be construed so as to permit the retroactive modification of a periodic payment. Sanchione v. Sanchione, 173 Conn. 398
(1979); Elliot v. Elliot, 14 Conn. App. 541, 545 (1988).
While the law may not have been clear prior to October 1, 1990, whether an order might be retroactive to the date of the filing of the motion, 46b-83 of the General Statutes (alimony and support pendente lite) did so provide, and a valid argument could be made that the general equitable powers of the court would permit the same. Febbroriello v. Febbroriello,21 Conn. App. 200, 208 (1990). In any event, P.A. 90-88 1, effective October 1, 1990, allows such retroactive modification to the date of service of such motion which, in this case, is CT Page 2675 equivalent to the date of filing of the motion.
The defendant has paid nothing on the previously modified orders since September 1, 1990, and is $200.00 in arrears for the month of August. He is to pay the previous order for the month of September, $1,800.00. The current order of $1,250.00 per month shall be effective October 1, 1990. As of this date, there is an arrearage of $9,500.00 which shall be paid by the defendant to the plaintiff within ninety (90) days of the date hereof.
MOTION TO REARGUE AND FOR REHEARING
The defendant's motion to reargue and for rehearing is denied. There is no provision in the Practice Book or the statutes for such a motion. The facts recited in the motion demonstrate a financial change of circumstances such that the proper motion is a motion for modification.
MOTION FOR CONTEMPT
The plaintiff has moved that the defendant be found in contempt on three grounds as follows:
1. That he has failed to pay the alimony order of $1,800.00 per month commencing August 1, 1990.
2. That he has failed to maintain life insurance in the amount of $120,000.00 naming the plaintiff as primary first beneficiary.
3. That he has failed to pay an arrearage of $500.00 in past due alimony from the month of June which he testified he would pay to the plaintiff in August.
As to the last item first, the court finds that the defendant did pay the $500.00 due from June, 1990 in August.
As to item number one, the defendant has not paid any part of the court order since September 1, 1990. While the court does not condone such action because the defendant had filed a motion for modification and a motion for reconsideration, the court does not find the defendant in contempt. The court previously has found an arrearage — that being $9,500.00 which is ordered to be paid within ninety (90) days.
As to item two, this allegation has been proved and is true. The defendant is maintaining his life insurance for his grown daughter rather than for his former wife of thirty-six CT Page 2676 years. This he cannot do, and the order of the court entered on August 20, 1990 that the defendant shall maintain life insurance naming the plaintiff as primary beneficiary in an amount of One Hundred Twenty Thousand ($120,000.00) Dollars is reiterated. The defendant shall so name the plaintiff and the defendant shall furnish proof to plaintiff's counsel of the designation of the plaintiff as beneficiary in accordance with this order within sixty (60) days of the date hereof.
The court enters the following orders on the preceding motions:
No. 108, Motion for Modification — Granted. Alimony modified from $1,800.00 per month to $1,250.00 per month effective October 1, 1990.
No. 109, Motion to Reargue and for Reconsideration — denied.
No. 110, Motion for Contempt — No finding of contempt. Arrearage found in the amount of $9,500.00 to be paid within ninety (90) days. Designation of beneficiary on $120,000.00 life insurance policy to be furnished to plaintiff's counsel within sixty (60) days.
EDGAR W. BASSICK, III, JUDGE