[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married at Norwalk, Connecticut on July 22, 1967. Based on calendar years, this is a marriage of 27 years. However, for all intents and purposes, the relationship of the parties as husband and wife, concluded on December 9, 1991 at which time the defendant husband vacated the marital home.
The union of the parties produced four children, two of whom have attained their majority and there are two minor children, namely David Embry born August 9, 1980 and Shannon Embry born May 5, 1984. The plaintiff wife whose date of birth is May 14, 1948 is now forty-six years of age. She appears to enjoy good health. Most of her married life she was not gainfully employed outside of her house, but was engaged in raising the parties' children. Recently she became employed as a waitress and continues to be employed as a waitress.
The defendant Wayne Embry whose date of birth is October 6, 1948, is now forty-five years of age. Although the defendant appears to be of good health, he is prone to drug use which affects his work habits and finances. His primary occupation throughout CT Page 6850-D the marriage has been as a painter; that is painting houses, commercial buildings, etc.
At the time of this marriage the plaintiff was nineteen and the defendant was eighteen. Their oldest child had been born but the parties had not yet become married. It appears that the marriage was ill-fated and doomed from the outset. The parties were immature and did not handle the inter-relationship of marriage, family and children successfully. The marriage was marked by occasions of violence and periods of total incommunication. Towards the end of the marriage the defendant started using drugs, was inattentive to his family and was also inattentive to his painting business. Finally, on December 6, 1991, the defendant vacated the marital home and took up residence with his girlfriend, one Laurie.
The court finds that both parties were at fault, which fault contributed to the dissolution of the marriage. However, the court further finds that the defendant was substantially more at fault then the plaintiff.
 "A property division ought to accord value to those nonmonetary contributions of one spouse which enable the other spouse to devote substantial effort to paid employment which, in turn, enables the family to acquire tangible marital assets. The investment of human capital in home making has worth and should be evaluated in a property division incident to a dissolution of marriage. We hold, accordingly, that an equitable distribution of property should take into consideration the plaintiff's contributions to the marriage, including homemaking activities and primary caretaking responsibilities.
O'Neill v. O'Neill, 13 Conn. App. 300, 311 (1988).
The court has considered all of the criteria of §§ 46b-81, 46b-82
and 46b-84 of the General Statutes together with all of the evidence and the case law. Since "[i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account." Scherr v.Scherr, 183 Conn. 366, 368, this court will not recount those statutory criteria and the evidence, other than has been previously stated. "The court is not obligated to make express findings on each of these statutory criteria." Weinman v. Weinman, 188 Conn. 232,234 (1982). CT Page 6850-E
 In fixing the nature and value of the property to be assigned, the court, in addition to the criteria listed in General Statutes § 46b-82, must also consider `the opportunity of each for future acquisition of capital assets and income . . . [as well as] the acquisition, preservation or appreciation in value of their respective estates.' (Citation omitted.)" Elliott v. Elliott, 14 Conn. App. 541, 546 (1988).
The court in addition to the foregoing findings finds as follows:
(1) there is requisite jurisdiction;
(2) the allegations of the complaint have been proved and are true;
(3) there has been an irretrievable breakdown of the marriage.
The court enters the following orders:
1. The marriage of the parties is hereby dissolved on the grounds of irretrievable breakdown.
2. The parties are hereby awarded joint legal custody of the minor children with the primary physical residence of the children to be with the plaintiff wife.
3. The defendant husband shall have reasonable, liberal and generous rights of visitation including off-premises upon reasonable notice to the plaintiff.
The defendant husband shall pay the sum of $215.00 per week as child support for both minor children. The child support figure is predicated on the child support guidelines effective June 1, 1994 and is based on the following factors:
(a) plaintiff's gross income $319.00;
(b) defendant's gross income $1,000 per week;
(c) single parent withholding, social security, CT Page 6850-F self-employment tax and medicare predicated on Circular E 1994;
(d) 4.5% Connecticut State income tax.
4. In the event medical and/or dental insurance is available for both minor children without cost to either party, that party shall provide the same for the benefit of and on behalf both minor children. In such case, both parties shall share equally the cost of any deductibles and uninsured/uncovered medical and/or dental expenses incurred by or on behalf of the minor children.
In the alternative, in the event that medical and/or dental insurance is not available for both children through either of the parties employment, then in such event both parties shall equally bear the cost of obtaining such medical/dental insurance for the benefit of the minor children, and shall also share equally the cost of any deductibles and uncovered/unreimbursed medical and/or dental expenses occurred by or on behalf of the minor children.
The defendant shall quit-claim all his right, title and interest to the real estate identified as 54 Maple Street, Norwalk, Connecticut. The plaintiff wife shall be responsible for the first mortgage payment and all real estate taxes due thereon, including any delinquent taxes. The plaintiff wife shall hold the defendant husband harmless from the first mortgage and any real estate taxes. In addition, the wife shall also be responsible for homeowner's insurance, repairs and upkeep, utilities, etc. The defendant husband shall be responsible for any an all other liens on said real estate including but not limited to the second mortgage and IRS liens.
5. As regards debts, the defendant husband shall pay all those debts shown on his financial affidavit namely, Visa, Mastercard, personal loan, IRS, IRS, Mr. Mrs. Laslow, and Mr. 
Mrs. Laslow. The court assumes for the purposes of this memorandum, that the visa debt shown on the plaintiff's affidavit is the same as the visa debt shown on the defendant's affidavit. However, in the event the visa debt shown on the plaintiff's affidavit is not the same as the visa debt shown on the defendant's affidavit, the wife shall pay that visa debt shown on her affidavit.
6. The plaintiff wife shall retain the 1987 Ford Tempo as shown on her financial affidavit free of any claim from the CT Page 6850-G defendant husband. The parties shall cooperate in signing any documents necessary to effectuate this order.
7. The defendant shall retain all right, title and interest in and to the 1985 Ford Van as shown on his financial affidavit, free and clear from any claim by the plaintiff wife.
8. The plaintiff wife shall retain all right, title and interest in and to that certain checking account at Fleet Bank as shown on her financial affidavit, free from any claim by the defendant husband.
9. The defendant husband shall retain all right and title to that 1968 19 foot boat, motor and trailer as shown on his financial affidavit free and clear of any claim by the plaintiff wife.
10. The defendant husband shall retain all right, title and interest in and to that certain Chase Manhattan Bank-business checking account as shown on his financial affidavit free and clear of any claim by the plaintiff wife.
11. Each party shall retain their respective interest in their life insurance as shown on their respective financial affidavits.
12. The husband shall pay the sum of $180.00 per week as alimony. In making this award and the previous child support order, the court finds that the defendant has a minimum earning capacity of not less then $1,000.00. Such finding is predicated on the defendant's weekly expenses as reiterated on his financial affidavit; his history and talent as a painter; by reason of the fact that defendant has attempted to obscure his earning capacity by doing business on a cash basis in the last year or two of their marriage; and the defendant has not maintained or retained any credible income/expense records.
13. The plaintiff wife shall be entitled to take the children as income tax exemptions.
14. The defendant is found in arrears in the amount of $700.00 which arrearage shall be paid at the rate of $15.00 per week on a consecutive weekly basis until paid in full.
15. Neither parties are awarded any attorney's fees from the other, and each shall be responsible for their own attorney's fees. CT Page 6850-H
16. The wife shall retain all furniture fixtures and furnishings located within the marital residence.
So Ordered.
MORAN, J.