[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR CONTEMPT
The facts of the issue are not really in dispute and are as follows:
1. On March 6, 1995, the court entered an order freezing the assets of the parties including an IRA account held by the plaintiff.
2. On July 17, 1995, the Court found $2,125.00 arrearage owed to the defendant by the plaintiff on or about July 17, 1995; $125.00 per week pendente lite alimony ordered; arrearage and alimony shall be satisfied from Phoenix Investments Balanced Fund (hereinafter referred to as "PEPCO"), Series A, Account No. 5130564-4 in the name of William Casey or such other funds in his name as may be available.
3. A copy of the order was served upon said Phoenix Equity Planning Corporation demanding payment in accordance with the court order.
4. Said Phoenix Equity Planning Corporation has now filed its appearance in this action and refuses to make payment in accordance with the court order claiming that the above entitled IRA account concerning payment to the creditor wife for alimony pendente lite is exempt under Conn. Gen. Stat. § 52-321a(2) which statute creates such an exemption.
The issue before the court is whether funds from an individual retirement account can be reached to satisfy an order of alimony pendente lite.
"The fundamental purpose of alimony pendente lite is to provide the wife, during the pendency of the divorce action, with current support in accordance with her needs and the husband's ability to meet them." Smith v. Smith, 151 Conn. 292, 297,197 A.2d 65 (1964).
PEPCO argues in its memorandum for support that the defendant is a creditor, and as a creditor she is precluded from reaching CT Page 12995 the IRA by § 52-321a(a)(2). General Statutes § 52-321a(a)(2) sets out types of income that are unavailable to creditors. Specifically, the statute states in relevant part: "(a) Except as provided in subsection (b) of this section, any interest in or amounts payable to a participant or beneficiary from (1) . . . (2) any individual retirement account which is qualified under Section 408 of said internal revenue code to the extent funded, including income and appreciation . . ."
The defendant argues in her memorandum in support that PEPCO is improperly applying the statute beyond its original intent and in an effect to frustrate the purpose of alimony pendente lite. Defendant states, "The basis of alimony is usually considered to be the natural obligation of one spouse to support the other, and the principal purpose of the exemption laws to protect an unfortunate debtor and preserve the means of support for the debtor's family applies to divorce cases." (p. 2, quoting from 24 Am.Jur.2d 747). Thus, the defendant argues the rational behind alimony is to use those exempted assets to maintain the family through alimony.
A. Whether the defendant is a "creditor" of the plaintiff, by virtue of the alimony pendent award?
In Elliot v. Elliot, 14 Conn. App. 541, the court discussed the status of the recipient of an alimony pendente lite order in stating:
 "First, like unpaid installments of an alimony award entered at the time of dissolution, accrued and unpaid installments of alimony pendente lite are, in effect, debts which have become vested rights of property which the court cannot take away.
Id., 545.
This court finds that the defendant is a creditor of the plaintiff the alimony pendente lite payor.
B. Assuming the defendant is a creditor of the plaintiff, can the defendant reach the IRA funds in order to satisfy the court order, notwithstanding the exemption in Gen. Stat. § 52-321a(a)(2)?
In Krafick v. Krafick, 234 Conn. 783, ___ A.2d ___ (1995), in footnote 15 the court ordered a QDRO garnishing the plaintiff's CT Page 12996 pension if the plaintiff failed to pay his alimony. Each party were to keep their own IRA accounts.
In Sunbury v. Sunbury, 210 Conn. 170, 553 A.2d 612 (1989), the supreme court remanded the case back to the trial court because the trial court failed to include the profit sharing and IRA in the calculation of available net income. The court remanded and ordered the recalculation of the periodic alimony based on the inclusion of the profit sharing and IRA assets. (Please note that this case was decided prior to the enactment of § 52-321a in 1991).
In Askinazi v. Askinazi, 34 Conn. App. 328, ___ A.2d ___ (1994), the court mentioned the IRA funds, but only to the extent that each party kept their own IRA's.
There are several superior court cases in which the court ordered either the liquidation of an IRA to be paid to another spouse for alimony (Dubuc v. Dubuc, Superior Court, Judicial District of New Haven at Meriden, Docket No. 237361S, (June 6, 1994, Dorsey, STR)), transfer to the other spouse (Frankenheimerv. Frankenheimer, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 121586S (March 10, 1993, Karazin, J.)), QDRO to effectuate the transfer (Farley v. Farley, Superior Court, Judicial District of Tolland at Rockville, Docket No. 55257S (March 22, 1995, Klaczak, J.)); Kinseley v. Kinseley, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 312192S (November 28, 1994, Petroni, J.).
Although the court may have the authority to order one spouse to pay alimony out of an IRA account, the more common way is by agreement or by QDRO.
This court has the discretion to reach the IRA based on its equity powers in the probate area. The intent behind the exemption in § 52-321a(a)(2) was to prevent creditors other [than] a spouse seeking maintenance. In Debisschop v. Debisschop, Superior Court, Judicial District of Waterbury at Waterbury, Docket No. 108016S (March 22, 1995, Judge Harrigan stated, "Thefunds accumulated in the IRA accounts are deferred earnings, income thereon, and the appreciation of investments made with such deferred earnings. The withdrawals are income. Alimony isthe reallocation of income." (Emphasis added). In this case, the plaintiff spouse funded 100% of the IRA and the court ordered it paid to the defendant spouse as alimony. CT Page 12997
Benefits arising under pension or retirement plans have repeatedly been held not to be exempt under statutes similar to § 52-321a(a)(2) from payment of court ordered alimony on the theory that alimony is not a "debt" or "claim" [within] the meaning of such exemption statutes. Kendrick v. Kendrick,271 Ala. 372, 14 So.2d 78; McDonald v. McDonald, 351 Mich. 568,88 N.W.2d 398; Hodson v. New York City Employees' Retirement System,243 App.Div. 480, 278 N.Y.S. 16; Zwingmann v. Zwingmann,150 App.Div. 358, 134 N.Y.S. 1077; Courtney v. Courtney, 251 Wis. 443,29 N.W.2d 759.
Since PEPCO was questioning whether the exemption was applicable it was being done in good faith and the disobedience is found to be innocent and contempt will not be found by the court at this time.
However, subject to the proper appeal from the ruling being filed, the court directs PEPCO to make the payments from the IRA as originally ordered not later than December 15, 1995.
Jackaway, J.