[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Dated August 22, 1997
This court has considered two motions under date of March 26, 1997 which were filed in the above-captioned matter by Attorney William Cashman, former counsel for the Plaintiff, Lyn P. Finkeldey. Oral arguments were heard on June 27, 1997. The court thereafter ordered transcripts of various prior proceedings in the case, and also directed that Attorney Cashman and Attorney John Williams, counsel for the Defendant, would have until July 18, 1997 to submit written memoranda of fact and law. The court has carefully reviewed the case file and pertinent transcripts, and considered the oral and written arguments of both counsel.
In one motion, Attorney Cashman requests that the court vacate the withdrawal of this dissolution of marriage proceeding. The Plaintiff and the Defendant both stipulated in writing that the action be withdrawn on March 7, 1997. In the other motion, Attorney Cashman requests the payment to him of Plaintiff's pendente lite counsel fees which the Defendant was ordered to pay by the court (Gordon, J.) on January 6, 1997. Specifically, CT Page 12592 Attorney Cashman seeks payment of the sum of $19,100 from alleged marital assets which Attorney Williams is holding in trust pursuant to other pendente lite orders previously issued by Judge Gordon.
In order to address the instant motions, a review of the procedural history of this domestic relations matter is necessary.
The Plaintiff, Lyn P. Finkeldey, initiated dissolution proceedings in this court against her husband, Robert J. Finkeldey Jr., on December 5, 1995. The court file in this case reveals that there were subsequently a number of pendente lite hearings, many of which dealt with claims by the Plaintiff that the Defendant had misrepresented his financial status, and had failed to abide by court orders.
On January 6, 1997, Judge Gordon ordered the Defendant to pay pendente lite counsel fees in the amount of $19,100 within one week. (Transcript of January 6, 1997 hearing, page 11.) The order was based on Attorney Cashman's representations that he was then owed $9,100 for legal services which had been rendered to date, and that he was seeking an additional $10,000 for counsel fees and expert witness fees which would be incurred by the Plaintiff in the upcoming dissolution trial. The transcript of that hearing notes:
 ATTORNEY CASHMAN: . . . and I'm asking the court to award counsel fees up to the time of trial in the amount of [$9000] that's owed and an additional [$10,000]. (Transcript of January 6, 1997 hearing, page four.)
The Defendant took an appeal from this ruling. The Appellate Court subsequently affirmed Judge Gordon's pendente lite order. The Defendant has never paid the $19,100 to Attorney Cashman.
The Plaintiff discharged her counsel and filed a pro se appearance in lieu of Attorney Cashman's with the court on February 13, 1997. On March 6, 1997, both the Plaintiff and the Defendant filed appropriately executed withdrawal of action forms with the court.[1] As a result of the reciprocal withdrawals filed by the parties, the dissolution proceeding ended, and no trial was ever held. CT Page 12593
On February 14, 1997, Attorney Cashman filed a separate civil lawsuit against Lyn P. Finkeldey at the Superior Court for the Middlesex Judicial District. (CV97-0081348S.) In this action, Attorney Cashman seeks damages in the amount of the legal fees and expenses which he claims are owed to him by his former client in connection with his representation of her in the dissolution case. In this civil action, which is still pending, Attorney Cashman has obtained a prejudgment remedy attaching the purported marital assets which Attorney Williams has been holding in trust. Attorney Williams now represents Lyn P. Finkeldey in the lawsuit which was commenced by Attorney Cashman.
When he moved to vacate the withdrawal of the domestic case and seek recovery of his legal fees, Attorney Cashman filed a pro se appearance in the matter with this court. In that document, he indicated that he was appearing pro se to represent his interests in the case as a "third party beneficiary." (Case file, appearance dated March 5, 1997.) Attorney Cashman has not filed a motion to intervene, or a motion for joinder as a party. and has not been granted status as a party in the case by the court. Neither party has consented to the reopening of the withdrawn dissolution proceeding. Neither party has consented to Attorney Cashman's attempt to appear therein as a third party beneficiary.
In both his oral argument and written memorandum, Attorney Cashman asserts that he has an equitable right to standing in the domestic relations matter, and contends that the court has the jurisdiction to vacate the withdrawal of the action, and grant him the requested relief. He has cited several cases in support of those positions, including CFM of Connecticut, Inc. v.Chowdhury, 239 Conn. 375 (1996); Hinkston v. Hinkston, 6 CLT No. 29, Page 17, (July 21, 1980); Smith v. Smith, 151 Conn. 292
(1964); and Maietto v. Maietto, CLT (March 24, 1980).
The court agrees, as Judge Herbert Barall noted in his well reasoned decision in the Hinkston case, that a domestic relations court has the ongoing authority to consider contempt citations (and presumably other matters) related to pendente lite orders which were not complied with prior to the withdrawal of an action. (See also, Smith v. Smith, supra.) The court notes, however, that the cases cited by Attorney Cashman involve post withdrawal motions filed by one of the parties, in efforts to obtain the pendente lite relief which had been awarded them prior to the withdrawal or termination of the case. (Emphasis added.) Also, in most of the cases cited, the party against whom the CT Page 12594 pendente lite orders had entered unilaterally withdrew the action in an attempt to escape the obligation to comply with those orders. In these regards, the case at bar differs from the cases cited. In the present proceeding, the Plaintiff and Defendant purportedly reconciled their differences, and bilaterally agreed to withdraw the pending dissolution matter. In this case, the Plaintiff is not seeking recovery of the past and prospective legal fees awarded her on January 6, 1997. Rather, her former attorney, as a claimed third party beneficiary of those orders, seeks to reopen the dissolution case and enforce the pendente lite awards.
Attorney Cashman has argued that this third party beneficiary status gives him standing in this dissolution case. He also asserts that the holding in CFM of Connecticut, Inc. v. Chowdury,
supra, supports the contention that he is a party in the dissolution case. (See Brief of William H. Cashman, July 16, 1997, pages six and seven). The court's review leads it to conclude that the facts in the CFM matter differ materially from those in the instant case. In CFM, the court held that the Plaintiffs unilateral withdrawal of the underlying action, without the consent or concurrence of the Defendant, would not wipe out pendente lite monetary sanctions for malfeasance which the Plaintiff and Plaintiff's counsel had been ordered to pay to the Defendant. In the present case, the parties mutually agreed to withdraw the dissolution proceeding. As noted above, it is Mr. Cashman, and not Ms. Finkledey, who is attempting to seek enforcement of the pendente lite counsel fees which had been awarded.
The court finds that Attorney Cashman is not a party in the matter of Finkeldey v. Finkeldey. The court is unaware of any statutory or common law authority which would cloak him with such status in the matter, or which would permit him to seek an order vacating the parties' mutual withdrawal of the dissolution case. Accordingly, the court finds that Attorney Cashman lacks standing to seek the relief requested in his motions. Because Attorney Cashman cannot legally challenge the parties' withdrawal of the dissolution action, and neither of the parties seeks restoration of the matter to the docket, the case remains in withdrawn status. Absent a motion to restore by either the Plaintiff or the Defendant, or a stipulation by the parties that the case should continue, the court is without jurisdiction to take any further action. See Lusas v. St. Patrick's Roman Catholic Church Corp.,123 Conn. 166, 170, (1937). CT Page 12595
Even if it were within the discretionary power of the court to entertain these motions, the pendency of the civil action which Attorney Cashman initiated against Ms. Finkeldey on February 14, 1997 would prompt the court not to do so. The subject matter of the pending civil law suit is identical to that raised in the March 26, 1997 motions. A prejudgment remedy securing the purported marital assets held in trust by Attorney Williams has been obtained in the civil case. In essence, if this court granted the motion to vacate withdrawal, it would create the situation where the same legal battle is being waged on two separate fronts. The court finds that it is not appropriate to reinstate the closed domestic relations proceedings to address the fee dispute which is already being litigated before another tribunal.
For all of the reasons herein stated, the court hereby orders that both of the motions filed by Plaintiffs former counsel be, and hereby are, DENIED.
DYER, J.