JILL DIAMOND *v.* STUART DIAMOND
(11845)

FOTI, HEIMAN and SCHALLER, Js.

Argued June 2—decision released August 31, 1993

*John Higgins Kane,* with whom, on the brief, was *G. Kenneth Bernhard,* for the appellant (defendant).

*Gloria L. Kelly,* for the appellee (plaintiff).

HEIMAN, J. The defendant appeals from the orders of the trial court granting the plaintiff's motions for contempt, modification of child support and counsel fees. We reverse the trial court's orders in part, affirm them in part, and remand the matter for further proceedings.

On appeal, the defendant asserts that the trial court improperly (1) ordered, pursuant to the plaintiff's motion for modification or motion for contempt, a retroactive modification of child support in contravention of the prohibition against such a retroactive modification contained in General Statutes § 46b-86 (a) and the

common law of this state, (2) ordered a retroactive modification of child support when neither the motion for modification nor the motion for contempt contained a request for retroactive modification, thereby depriving him of proper notice that the plaintiff would request or the court would consider such relief, (3) found an arrearage in child support payments, pursuant to the plaintiff's motion for contempt, when the relief ordered goes beyond its power and jurisdiction and is different and greater than the relief requested in the plaintiff's motion for contempt, thereby depriving him of proper notice that the plaintiff would request or the court would consider such relief, (4) awarded the plaintiff $3600 in counsel fees without any evidence or finding entitling her to an award of counsel fees for services or demonstrating any finding that such fees were reasonable after an appropriate evidentiary showing.

The following facts are necessary to a resolution of this appeal. The plaintiff and the defendant married on December 1, 1979. One child was born of this union. On February 2, 1988, after the parties' marriage irretrievably broke down, the marriage was dissolved and the plaintiff was granted custody of their daughter.

The parties entered into a separation agreement setting forth the conditions and terms concerning alimony, the division of their joint property, support, and other rights that arose from their marriage. The agreement granted custody of the parties' minor child to the plaintiff subject to the defendant's rights of visitation. It required neither party to pay alimony to the other. The defendant also agreed to pay child support in the amount of $50 per week as long as his gross weekly income did not exceed $384.61. If his gross weekly income exceeded that amount, the defendant agreed to pay $75 per week. The defendant further agreed that there was an existing arrearage of $665. Under the

agreement, child support obligations would continue until the minor daughter reached the age of eighteen years.

After reviewing the parties' agreement, the court found it to be fair and equitable and ordered that the agreement be made part of the court file. The court further ordered that the agreement be incorporated by reference into the court's order and decree and that each party abide by the agreement's terms and conditions.

On August 24, 1990, the plaintiff filed a motion for modification of child support. The court granted the motion on September 27, 1990, and increased the child support payments to $165 per week retroactive to September 13, 1990. The defendant did not appeal from this judgment.

On April 4, 1991, the trial court, *Hauser, J.,* granted the defendant's motion for modification of child support payments and reduced the child support from $165 per week to $65 per week, because the defendant was, at that time, unemployed. The court also ordered an additional payment of $15 per week to reduce an arrearage of $1605. The court ordered that the defendant provide the plaintiff with reports every sixty days concerning his employment status until such time as he was again employed. No appeal was taken from that order by either party.

By motion dated September 4, 1992, the plaintiff sought to have the defendant held in contempt. She claimed that the defendant had failed to comply with the prior court order that he file reports concerning his employment status. The motion for contempt, however, did not claim that the defendant had failed to make payments in accordance with the court order that modified the child support. The plaintiff sought relief, in the motion for contempt, by requesting an order that

the defendant comply with the prior order regarding reports as to employment and that he be ordered to pay attorney's fees and costs.

By a separate motion dated the same day, the plaintiff sought an order requiring the defendant to pay counsel fees with regard to the motion for contempt heard by the trial court on April 4, 1991. The motion set forth a claim that the request for counsel fees in conjunction with the motion decided on April 4, 1991, had been marked "off without prejudice until such time as we see whether [the defendant] becomes reemployed at a future date." The motion set forth that the plaintiff based her request for counsel fees on the defendant's failure to comply with the reporting requirements.

A third motion sought modification of the order of child support. In this motion, the plaintiff claimed that the defendant was employed and that his employment constituted a substantial change in circumstances. The plaintiff sought modification of the order of support as well as attorney's fees and costs. The plaintiff made no claim in the motion for a retroactive application of any modified order, nor did the plaintiff specifically seek the application of General Statutes § 46b-86 (a), which authorizes the trial court to make support order modifications retroactive to the date of service of the notice of the pending motion.[1] The record reflects that statutory notice was served on the defendant on September 20, 1992.

---

[1] General Statutes § 46b-86 (a) provides: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. There shall be a rebuttable presumption that any deviation of

The trial court granted the plaintiff's motion for modification and ordered that the amount of the child support be increased to $103 per week on the basis of the defendant's new employment. The defendant does not appeal from the modification of his child support obligation from the date of the order, and, it does not appear that he objects to the retroactive modification of that obligation to the date of service of the motion for modification on September 20, 1992.

Additionally, the trial court found that the defendant had not been paying support commensurate with the moneys he earned from August 1, 1991. The trial court also found that the defendant was in wilful disobedience of the court order requiring him to keep the plaintiff advised of his employment status. Accordingly, the court set amounts that it believed that the defendant was earning during periods between August 1, 1991, and October 8, 1992. The trial court then fixed

less than fifteen per cent from the child support guidelines is not substantial and any deviation of fifteen per cent or more from the guidelines is substantial. Modification may be made of such support order without regard to whether the order was issued before, on or after May 9, 1991. In determining whether to modify a child support order based on a substantial deviation from such child support guidelines the court shall consider the division of real and personal property between the parties set forth in the final decree and the benefits accruing to the child as the result of such division. After the date of judgment, modification of any child support order issued before or after July 1, 1990, may be made upon a showing of such substantial change of circumstances, whether or not such change of circumstances was contemplated at the time of dissolution. By written agreement, stipulation or by decision of the court, those items or circumstances that were contemplated and are not to be changed may be specified in the written agreement, stipulation or decision of the court. This section shall not apply to assignments under section 46b-81 or to any assignment of the estate or a portion thereof of one party to the other party under prior law. *No order for periodic payment of permanent alimony or support may be subject to retroactive modification, except that the court may order modification with respect to any period during which there is a pending motion for modification of an alimony or support order from the date of service of notice of such pending motion upon the opposing party pursuant to section 52-50.*" (Emphasis added.)

arrearages based not on the amount of the unmodified support payment ordered by the court in the prior proceedings, but upon the amount the trial court found the defendant should have been paying on the basis of his earnings during those time periods. For the period between August 1, 1991, and December 31, 1991, the court fixed an arrearage of $1567; for the period between January 1, 1992, and July 31, 1992, the court fixed an arrearage of $2015; and for the period between August 1, 1992, and October 8, 1992, the court fixed an arrearage of $456. On the basis of this method of computation, the trial court found a total arrearage of $4038. The trial court also added an attorney's fee for these proceedings in the amount of $1000.

The trial court also determined that, with respect to the claim for attorney's fees arising out of the prior proceedings before Judge Hauser on April 4, 1991, the defendant should pay the sum of $2639.50, including costs. The court rounded off the attorney's fees and costs for the two hearings to $3600.

In addition to the order that the defendant pay current support in the amount of $103 per week, the court ordered the defendant to continue to pay $15 per week on the old arrearage based on the previous order, and $27 per week on the new arrearage that the trial court determined on the basis of the defendant's unreported earnings and not on the basis of any existing order. The trial court further ordered that when the old arrearage was paid, the defendant was then to pay the sum of $42 per week to retire the new arrearage. While it is not clear from the order itself, it appears that the trial court added the award of attorney's fees to the new arrearage to be retired as a part of the weekly order of payment.[2]

---

[2] The transcript reveals the following:
"[The Court]: I'm going to make a finding of an arrearage of $7638, exclu-

I

The defendant asserts that the trial court, in finding an arrearage on a nonexistent order, improperly created a retroactive modification of the child support order that had been previously entered by the court and not further modified before the date when the motions that constitute the subject matter of this appeal were decided. We agree.

The status of the child support order, when the motion for contempt was filed and heard, obligated the defendant to pay the sum of $65 per week as current support and $15 per week on an arrearage of $1605. In the motion for contempt, the plaintiff did not make a claim that the defendant failed to make payments as ordered, but only alleged his failure to supply employment information as ordered by the court. The plaintiff did not claim entitlement to some form of retroactive modification as a result of the failure to comply, but sought, by way of relief, only that the defendant be found in contempt, ordered to supply the information concerning his employment status immediately, and ordered to pay costs and counsel fees.

The trial court did not characterize its action as creating a modification of the prior order of support. The result, however, clearly indicates, factually, that that is what occurred. Although the plaintiff, in her brief, asserts that the trial court had the power to make the plaintiff whole by punishing the defendant for his wilful violation of the court order requiring him to supply employment information on a fixed basis and that the trial court was not limited to granting only the relief

sive of the other arrearage. I'm just not going to touch that. Said arrearage will be paid at the rate of $27 per week.''

Since the order shows that the trial court found a ''new arrearage'' of $4038, the only explanation for the total arrearage of $7638 is the addition to the ''new arrearage'' of the $3600 attorney's fees awarded.

sought by the motion for contempt, the record fails to indicate that either assertion represents the basis on which the trial court acted. Neither of these claims was asserted by the plaintiff before the trial court nor are they the subject of a preliminary statement of issues presented as alternative grounds of affirmance.[3] Practice Book § 4013 (a) (1).

Section 46b-86 (a) prohibits retroactive modification of an existing support order. See footnote 1; *Darak* v. *Darak,* 210 Conn. 462, 479, 556 A.2d 145 (1989); *Sanchione* v. *Sanchione,* 173 Conn. 397, 406–407, 378 A.2d 522 (1977); *Emerick* v. *Emerick,* 28 Conn. App. 794, 805, 613 A.2d 1351, cert. denied, 224 Conn. 915, 617 A.2d 171 (1992); *Paddock* v. *Paddock,* 22 Conn. App. 367, 373, 577 A.2d 1087 (1990). Here, the practical effect of the trial court's order was to modify retroactively an existing order of support entered by way of a prior modification that was not modified up to the time of the actions now before us. See *Paddock* v. *Pad-*

[3] We decline to review these alternative grounds because the plaintiff has not filed a preliminary statement of issues and thus has failed to comply with Practice Book § 4013. *First Federal Savings & Loan Assn. of Rochester* v. *Pellechia,* 31 Conn. App. 260, 263 n.6, 624 A.2d 395 (1993); *State* v. *One 1981 BMW Automobile,* 15 Conn. App. 589, 598–99, 546 A.2d 879 (1988). Practice Book § 4013 (a) (1) provides in pertinent part: "If any appellee wishes to (A) present for review alternate grounds upon which the judgment may be affirmed . . . that appellee shall file a preliminary statement of issues within fourteen days from the filing of the appellant's preliminary statement of the issues. Whenever the failure to identify an issue in a preliminary statement of issues prejudices an opposing party, the court may refuse to consider such issue." The appellee has failed to preserve these issues properly for our review. Moreover, these alternative grounds were not presented to the trial court as a claimed basis upon which the trial court was permitted to act. Thus, the factual predicate on which these claims are based has not been determined by the trial court. See *State* v. *St. Pierre,* 17 Conn. App. 100, 102, 549 A.2d 1090 (1988). This court is thus left without the benefit of the trial court's thinking concerning whether it imposed the modification of the support order as a penalty or whether it decided that the relief sought by the plaintiff was inadequate. See *First Federal Savings & Loan Assn. of Rochester* v. *Pellechia,* supra.

*dock,* supra. A different interpretation of the trial court's order would permit something to occur by indirection that we could not permit to stand if the trial court had labeled its action as a retroactive modification. The practical effect of the order is exactly the same as a retroactive modification. The legislature has prohibited such action. General Statutes § 46b-86.

While the genesis of the restriction on retroactive modification of alimony and support stems from the desire to permit a recipient of such payments to avoid the harsh consequences that would arise out of a retroactive reduction of such payments; *Elliott* v. *Elliott,* 14 Conn. App. 541, 544, 541 A.2d 905 (1988); the legislature, in enacting § 46b-86, did not discriminate between increases in such orders and decreases, setting forth that retroactive modification is prohibited with but one single exception not here applicable. We have previously declined to limit the prohibition of retroactive modifications to decreases even after the decisions of our Supreme Court in *Darak* v. *Darak,* supra, and *Sanchione* v. *Sanchione,* supra. *Paddock* v. *Paddock,* supra, 373–74. The trial court's order amounted to a retroactive modification of a child support order prohibited by § 46b-86. This conclusion is not affected by the fact that the modification at issue was an increase. *Paddock* v. *Paddock,* supra.

The trial court's action in retroactively modifying the child support order cannot stand.[4]

## II

The defendant next asserts that the trial court's order requiring him to pay counsel fees for the April 4, 1991

[4] Since we have concluded that the order on the contempt motion is in the nature of a retroactive modification of child support not permitted by General Statutes § 46b-86, we need not address the other claims made by the defendant concerning the other grounds that he asserts warrant reversal of the retroactive order.

motion before a different judge as well as the award of attorney's fees arising out of the September, 1992 motions was improper. We agree in part.

The record is devoid of evidence as to the value of counsel's services arising out of the proceeding before Judge Hauser on April 4, 1991. The transcript reveals that the plaintiff claimed a debt due counsel for services in the amount of $5279. Nothing before the trial court supplied it with information as to the nature of the services rendered, when they were rendered or whether they arose out of the proceedings before Judge Hauser.

"The decision to award counsel fees in a dissolution case is clearly a matter within the trial court's discretion. . . . While the decision as to the liability for payment of such fees can be made in the absence of any evidence of the cost of the work performed . . . the dollar amount of such an award must be determined to be reasonable after an appropriate evidentiary showing. . . ." (Citations omitted; internal quotation marks omitted.) *Miller* v. *Miller,* 16 Conn. App. 412, 417–18, 547 A.2d 922, cert. denied, 209 Conn. 823, 551 A.2d 430 (1988). Here, no evidence appears to have been taken to justify the amount of counsel fees awarded arising out of the proceedings before Judge Hauser. Thus, the trial court manifestly abused its discretion by entering an order without an evidentiary basis. *Barco Auto Leasing Corporation* v. *House,* 202 Conn. 106, 120–21, 520 A.2d 162 (1987).

While we recognize that "[c]ourts may rely on their general knowledge of *what has occurred at the proceedings before them* to supply evidence in support of an award of attorney's fees"; (emphasis added; internal quotation marks omitted) *Cabrera* v. *Cabrera,* 23 Conn. App. 330, 349, 580 A.2d 1227, cert. denied, 216 Conn. 828, 582 A.2d 205 (1990); that principle is inapplicable

here because the proceedings for which the counsel fees of $2600 were awarded did not take place before the judge who set the amount of the fee. Thus, the action of the trial court in setting the amount of the attorney's fee to be awarded for the proceedings before a different judge was, in the absence of an evidentiary basis, improper and an abuse of discretion.

The award of counsel fees for the proceedings out of which this appeal arose, however, was not an abuse of discretion and must be affirmed.

The award of counsel fees is governed by General Statutes § 46b-62.[5] General Statutes § 46b-82 sets out the criteria that must be considered by the trial court in determining whether to award alimony or counsel fees, and, if so, the amount thereof. Among the criteria that the trial court is statutorily obligated to consider in determining whether to award counsel fees are the financial abilities of the parties; General Statutes § 46b-62; as well as the applicable criteria set forth in § 46b-82.

The defendant posits that because the plaintiff failed to produce specific evidence as to the cost of the work performed by counsel or the nature of the services provided, the order of counsel fees arising out of the work performed in the case that resulted in this appeal cannot stand. We are not persuaded.

The trial court had the proceedings before it and was aware of the effort that was required in asserting the plaintiff's claims in this matter. Further, the trial court

---

[5] General Statutes § 46b-62 provides in pertinent part: "In any proceeding seeking relief under the provisions of this chapter . . . the court may order either spouse or, if such proceeding concerns the . . . support of a minor child, either parent to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82. . . ."

had before it the financial affidavits of the parties as well as the testimony by the parties as to their respective financial health.

Unlike the situation where the $2600 award of counsel fees was made by the trial court for proceedings that took place before a different judge, here, the proceedings were all conducted in the presence of the court that entered the order of attorney's fees in the amount of $1000. The court could rely on its knowledge of what had occurred before it to supply evidence to support an award of attorney's fees. Id. We cannot say that the trial court abused its considerable discretion in awarding attorney's fees in the amount of $1000 for the proceedings that took place before it. *Passamano* v. *Passamano,* 28 Conn. App. 854, 860, 612 A.2d 141, cert. granted on other grounds, 224 Conn. 904, 615 A.2d 1047 (1992).

The orders on the motion for modification and the motion for contempt are reversed insofar as they create a retroactive modification of the child support order and are remanded to the trial court for further proceedings not inconsistent with this opinion. The award of counsel fees in the amount of $2600 is reversed and the motion for counsel fees is remanded to the trial court for further proceedings. The award of counsel fees in the amount of $1000 is affirmed, but the trial court is directed to determine the method and time for payment.

In this opinion the other judges concurred.