[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 24, 1994, defendant's post-judgment Motion for Contempt (#129) was assigned to Judge Harrigan on the family calendar. When Judge Harrigan recused himself, the matter was continued to January 31, 1994, and referred to the undersigned. Sometime between January 24 and January 31, 1994, the plaintiff paid to the defendant the total alimony arrearage of $2,400.00. The defendant claims that the plaintiff failed to make any of the weekly alimony payments ordered by the Hon. Robert Glass in CT Page 1358 the judgement of dissolution dated November 2, 1993.
The plaintiff admits that he has not made the alimony payments as ordered, but claims that he was financially unable to make these payments. Plaintiff further argues that his inability to make such payments is a valid defense to the defendant's claim of contempt under Tobey v. Tobey, 165 Conn. 742
(1974).
The plaintiff testified that he borrowed the money to make the payment on the arrearage and that he is financially unable to comply with the orders pursuant to the dissolution. The defendant subpoenaed financial records of the plaintiff, which were submitted on January 31, 1994. The plaintiff's financial affidavit shows that he received a net bonus of approximately $4,300.00 in December of 1993, which did not appear on his financial affidavit submitted on January 24, 1993. The defendant claims the plaintiff is in contempt and seeks attorneys fees of $1500.00 and costs in connection with the instant motion.
The court finds that the defendant did not act in good faith when he failed to comply with the court orders of periodic alimony. The court, in its review of the plaintiff's financial records, is convinced that there were funds available to comply with the court order of alimony. In addition, the plaintiff's financial records disclose that he made a payment of $2400.00 to his attorney in December of 1993, rather than complying with an order of this court. See Mallory v. Mallory, 207 Conn. 48, 58
(1988).
The court finds that the plaintiff is in contempt. However, since the defendant did not present any documentation or other evidence which would justify or substantiate her total claim for an attorney's fee, the court is only able to award a fee to the plaintiff's attorney for services actually rendered before the court. Diamond v. Diamond, 32 Conn. App. 733 (1993). The court will award the defendant the sum of $350.00 plus reimbursement of expenses incurred of $67.96. The court will order that the plaintiff pay this amount of $417.96 to the plaintiff's attorney on or before March 15, 1994.
The defendant also made a request for attorney's fees which she may incur in the defense of the appeal of the dissolution judgement. This request was not part of her motion for CT Page 1359 contempt, nor does the court find any formal written motion making such a request. In addition, there was no evidence presented to the court from which the court could act on her request. The defendant's request is therefore denied without prejudice.
PELLEGRINO, J.