[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: #156 MOTION FOR MODIFICATION AND #157
The defendant moved for a finding of contempt and to modify child support pursuant to the language in the transcript of the proceeding wherein a dissolution of the marriage entered, on November 16, 1989. The order entered that the plaintiff inform counsel of any reemployment, so that the child support payment CT Page 13911 would reflect payment pursuant to the Uniform Support Guidelines.
During the hearing on the motion, in May of 1994, the plaintiff testified that he had told his then counsel of his reemployment contemporaneously with the dissolution, but that he was not well-employed, hence the minimum order of Seventy-five ($75.00) Dollars per week for two children. He further testified that he had informed his then counsel that he was more gainfully employed in January of 1991, and AMRE, Inc., (American Remodeling). He testified that he was injured in an accident in August of 1992, and not employed again until November of 1992. In January of 1993, he began employment at Guaranty Pest Control, his employment at the time of the hearing. His compensation was just over Three Hundred ($300.00) Dollars per week. On May 9, 1994, the parties stipulated to a payment of One Hundred ($100.00) Dollars per week in child support, with a payment of Twenty ($20.00) Dollars per week in child support, with a Seven Hundred, Fifty ($750.00) Dollars. The parties left to the court the determination of the effective date of modification. The issue of contempt was also available for the court's determination, and for sanctions.
The plaintiff testified that the defendant knew he was employed but never asked him what he was earning. He testified that he had to change his times with the children because of employment, and that the defendant knew he was reemployed. The defendant testified that she was never told of reemployment, as was ordered at the time of the dissolution. She testified further that he only visited the children when he wanted to and that he had had virtually no contact with the children from August of 1992. She did not say that she had seen an advertisement in the newspaper with his name in it, but thought that it may have been an uncle. The court finds that the testimony of the plaintiff to be unsupported by the other facts. Furthermore, he did not call any other witness to the conversation where he claimed that he had informed then counsel. The testimony of the defendant with respect to the communication concerning reemployment was more credible.
The defendant claimed at the close of the hearing that the court had ordered the plaintiff to disclose his reemployment to the defendant and that he owed an affirmative duty to her to tell her at least the place of the employ, so that she would have the opportunity to access, through subpoena power, the employer wage records. The court order mandated an affirmative CT Page 13912 obligation of the part of the plaintiff.
The plaintiff claimed that the defendant had knowledge and should have asked. He claimed that he did not move from the area, and that she was barred by the doctrine of laches from now pursuing retroactive [retroactive] child support. The decree was in 1989, motions for contempt and modification were filed in 1990, and then the instant motion was filed in 1994. The plaintiff claimed that he acted in reliance of her acceptance of child support in the lower amount, and that her claim four years later was prejudicial to him.
The court asked the parties to write briefs on the issue of laches, insofar as the matter was not pleaded. The briefs outline the respective positions of the parties as to the motion for modification. The case law is established that laches cannot be proven by a mere demonstration that for a period of time such as indicated in this matter, the defendant did not pursue a motion for modification, that the plaintiff paid a reduced amount, and relied to some extent on that level of support when he made other spending decisions in his adult life.Cosina v. Cosina, 24 Conn. App. 190 (1991); Schiavo v. Schiavo,2 CSCR 655, 656 (1987); Catalina v. Catalina,,1994 Ct. Sup. 36610 Conn. L. Rptr. 595 (1994, JD at Waterbury, Harrigan, Jr.); Audet v. LaFrance, 12 CLT 18 (Healey, J., 1986). The plaintiff has not demonstrated that he has changed his position, acting in good faith, to the extent that enforcement of the rights of the children to be supported according to the Uniform Support Guidelines would result in serious prejudice to him.
The parties agreed to a modification in 1994. The question for the court is whether or not the court has the authority to extend past the date of service of the motion, the order of recalculated child support. The Appellate Court, inDiamond v. Diamond, 32 Conn. App. 733, 740-41 (1993) clearly stated that the legislature has proscribed the payment of retroactive child support in C.G.S. 46b-86, and that the court is bound thereby. The court finds then that it may only grant the motion for modification effective to the date of service of the motion, or April 17, 1994. (Shedrick v. Shedrick, 32 Conn. App. 147,151 (1993). The court, in Diamond, supra, held that the defendant was in contempt for his failure to give employment information in a timely manner, and imposed what amounted to a retroactive payment of child support as a sanction. The court found such, and held that the trial court did not have authority CT Page 13913 to supercede [supersede] the statutory mandate. While the order of the court appeared to take the form of a sanction for a contempt, it was a thinly-veiled retroactive modification of child support, which the court was without authority to impose. The sanction for the contempt would have to reflect some other punishment or attempt at deterrence of the contemptuous behavior.
With respect to the motion for contempt, however, the court has the ability to find, and sanction, the failure of the plaintiff to meet an affirmative duty to this court, his children, and former spouse to notify concerning current employment. The court finds that Mr. Armento did not take the steps necessary to do so. The court expects that its orders will be complied with. The plaintiff did not give any actual notice, verbally or in writing, concerning his resumption of employment, which would have allowed the parties to recompute his support obligations prusuant [pursuant] to the Guidelines, which recomputation could well have been effected without court appearance. The court finds that the plaintiff is in contempt.
His obligation was to disclose the place of employment, his level of hourly compensation or salary, the date of commencement of employment, as well as the custom of payment. The plaintiff did not meet his affirmative duty, and the defendant and the children should not suffer additional costs due to the imposition of the defendant of extra effort to extract that information.
The court orders such disclosures so that the parties continue to support their children to the best of their ability, with the hope and expectation that their cooperation in this regard will inure to the benefit of their children overall. The plaintiff clearly did not hide from the defendant, but he did not offer the required information. The court will order that the plaintiff disclose, in writing, by certified mail, return receipt requested, each and every change in employment until his obligation to support his children pursuant to court order ends. That notice shall give the name and address of the employer, his salary or hourly compensation, the custom of payment for his employment, be it weekly or bi-weekly, as well as any bonus or commission paid. The court will further order that he mail to the defendant, in the same fashion as previously ordered, a complete copy of his yearly tax return. This order shall extend, unless otherwise modified, until his legal obligation to support his children ends. CT Page 13914
The court further finds that the plaintiff shall pay attorneys fees on this contempt in the requested amount of Two Thousand, Seven Hundred, Seventy-five ($2,775.00) Dollars. The court finds that the claim is demonstrated by actual time as asserted, for the preparation of motions, court time for the negotiation of a modified payment of child support, a hearing on the issue of modification and contempt, as well as the preparation of a brief on the issue presented by plaintiff, not plead, for which the court has found no basis. The payment of attorneys' fees shall be at the rate of One Hundred ($100.00) Dollars per month until paid in full.
The plaintiff is ordered to be in court on Monday, April 22, 1996, to ensure compliance with the order of this court that he mail a copy of his entire tax return to the defendant and that he has provided verification of his current employment and compensation on a current basis.
Orders shall enter consistent with this opinion.