[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE COUNTS THREE, FIVE AND SEVEN
Defendants have filed a motion to strike counts three, five and seven of the plaintiff's complaint against the defendants Candice Olechna and Factorum, Inc. (Factorum).
Count three claims a violation of the Connecticut Unfair Trade Practices Act (CUTPA) against Olechna, a former employee of the plaintiff. Count five claims loss of a business opportunity. The motion to strike count seven claims a CUTPA violation against Factorum.
The plaintiff, Computer Horizons Corporation (CHC), is "engaged in the highly competitive business of recruiting and providing specialized computer programming, data processing and other personnel on a temporary and permanent basis to persons, firms and companies throughout the Hartford area and elsewhere in Connecticut." (Complaint, ¶ 1.) The defendant, Candice Olechna, was employed by CHC as a "temp," and placed at Aetna, which is a client of CHC. (Complaint, ¶ 5.) The defendant, Factorum, Inc. (Factorum), is also "engaged in the business of recruiting and providing computer programming, data processing and other personnel on a temporary and permanent basis to firms and companies throughout Connecticut." (Complaint, ¶ 2.)
CHC alleges in its complaint, dated October 28, 1998, that despite knowledge of the employment agreement between CHC and Olechna, Factorum hired Olechna away from CHC. (Complaint, ¶¶ 8, 25.) CHC further alleges that Olechna, while employed by Factorum, was again placed at Aetna by Factorum. Aetna is also a client of Factorum. (Complaint, ¶¶ 7-8.) CHC alleges that these actions constitute a violation of Connecticut Unfair Trade Practices Act (CUTPA); General Statutes § 42-110a et seq.; by both Olechna and Factorum (counts three and seven respectively) CHC also claims in its brief that Olechna has tortiously interfered with CHC's business relationship with Aetna (count five) by violating her agreement not to go to work for a competitor like Factorum.
Factorum and Olechna have moved to strike counts three and seven on the grounds that those claims fail to state a legally sufficient claim for violation of CUTPA, and they fail to state a claim upon which relief can be granted under CUTPA. The defendants further move to strike count five on the ground that it is legally insufficient as a claim for tortious interference with a business relationship for failure to assert a necessary allegation for that cause of action. CT Page 15021
CHC opposes this motion. Both parties have submitted memoranda, and CRC a supplemental memoranda, in support of their positions.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998)." [F]or purposes of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp. ,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994); see also Ferryman v. Groton,212 Conn. 133, 142, 561 A.2d 432 (1989). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff has] stated a legally sufficient cause of action." Napoletano v. Cigna Healthcare of Connecticut, Inc.,238 Conn. 216, 232-33, 680 A.2d 127 (1996). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp. , 240 Conn. 576, 580, 693 A.2d 293 (1997).
 A. Count Three — CUTPA Violation by Olechna
The defendants move to strike both counts three and seven on the same grounds, namely that: (1) Both counts fail to state a legally sufficient claim for violation of the Connecticut Unfair Trade Practices Act (CUTPA), and (2) the counts fail to state a claim upon which relief can be granted under CUTPA. The defendants argue in their brief that, because the third count incorporates paragraphs one through twelve of the first count into the third count, the third count does not amount to anything more than a claim of breach of an employment contract and/or non-compete clause by Olechna. (Defendants' Memorandum, p. 3.) The plaintiff argues that sufficient facts have been alleged to sustain a CUTPA cause of action against both Factorum and Olechna. (Plaintiff's Memorandum, p. 1.)
General Statutes § 42-110b (a) provides that "no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. "[T]he . . . employment relationship is not . . . trade or commerce for the purposes of CUTPA." (Internal quotation marks omitted.) Ouimby v. Kimberly Clark Corp. , 28 Conn. App. 660, 670, CT Page 15022613 A.2d 838 (1992). Actions arising within the employer-employee context are therefore not cognizable under CUTPA. Id., 670-71. Further, "[a] simple contract breach is not sufficient to establish a violation of CUTPA, particularly where the count alleging CUTPA simply incorporates by reference the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous or offensive to public policy." (Internal quotation marks omitted.) Charlie Brown, Inc. v. Northeast Hotel, Superior Court, judicial district of Stamford-Norwalk at Norwalk, Docket No. 103030 (December 3, 1996, Tierney, J.).
In the present case, Olechna signed an employment agreement with CRC to refrain from either working directly for a CRC client or working for a CRC competitor for a period of one year. Olechna allegedly breached this agreement. The alleged wrong committed by Olechna against CRC amounts to nothing more than a breach of an employment agreement established between an employer and an employee, and therefore does not establish a cause of action under CUTPA. "A `simple breach of contract does not offend traditional notions of fairness, and . . . standing alone does not offend public policy to invoke CUTPA.' Boulevard Associatesv. Sovereign Hotels, Inc., 72 F.3d 1029, 1038-39 (2d Cir. 1995). The plaintiff must allege facts which allege more than a mere breach of contract." Groglio v. Elrac, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 160928, (January 19, 1999, D'Andrea, J.). The defendants' motion to strike count three is granted.
 B. Count Seven — CUTPA Violation by, Factorum[1]
As stated above, the defendants move to strike count seven on the grounds that the count fails to state a legally sufficient claim for violation of CUTPA and fails to state a claim upon which relief can be granted under CUTPA. The defendants argue that the plaintiff has failed to plead with particularity any of the allegations necessary to determine a CUTPA violation.
"A claim under CUTPA must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based." (Citations omitted; internal quotation marks omitted.) S.M. S. Textile v. Brown, Jacobson, Tillinghast, Lahan King,P.C., 32 Conn. App. 736, 797, 631 A.2d 340 (1993). To determine whether an act is a violation of CUTPA, three factors are considered: (1) whether the practice, without necessarily having CT Page 15023 been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers, competitors or other businessmen. A-G Foods, Inc. v.Pepperidge Farm, Inc., 216 Conn. 200, 215, 579 A.2d 69 (1990).
CRC has offered numerous allegations in the seventh count which, construed in its favor, amounts to a prima facie CUTPA violation. Specifically, CRC alleges that Factorum induced Olechna to breach her employment agreement with CHC in favor of going to work for Factorum. (Complaint, ¶ 25.) CRC further alleges that the eventual breach by Olechna caused substantial economic injury to it, due to both lost profit from the relationship with Aetna and expenses associated with the recruiting and training of Olechna. (Complaint, ¶¶ 4, 15, 29.) Finally, the conduct in question was allegedly committed by one business upon another business; (see Complaint, ¶ 2); which is exactly the scenario contemplated by CUTPA. Based on the allegations included in the complaint, CRC has provided legally sufficient facts to support a claim under CUTPA. As such, relief can be granted under CUTPA for this claim and the motion to strike count seven is denied.
 C. Count Five — Loss of Business Opportunity
The defendants move to strike count five on the ground that it is legally insufficient for failure to assert a necessary allegation for the cause of action.[2] The necessary allegations for a loss of business opportunity claim, however, are not discussed by the defendants.
A cause of action for loss of business opportunity is viable in this jurisdiction. See, e.g., O G/O'Connell Joint Venture v.Chase Family Ltd. Partnership No. 3, 203 Conn. 133, 140,523 A.2d 1271 (1987); Shawdow Lake, Inc. v. Ultra Seal, Inc., Superior Court, judicial district of Danbury, Docket No. 327917, (May 13, 1999, Stodolink, J.); L'Atrella v. Weight Watchers International, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 334348, (March 16, 1998, Melville, J.). The plaintiff has alleged sufficient facts to support a claim of loss of business opportunity. The motion to strike count five is denied.
For the foregoing reasons the defendant's motion to strike is granted as to count three and denied as to counts five and seven. CT Page 15024
Hale, Judge Trial Referee