[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before this court post judgment by way of plaintiff wife's ("wife") Motion to Compel Payment of Attorney's Fees dated November 28, 2000. The case has had a long and tortuous history commencing with the entry of judgment in the Judicial District of Fairfield on February 18, 1992. At that time, the court approved the separation agreement ("Agreement") of the parties dated February 18, 1992. Among other things, Article 10.1 of that Agreement provides that if he "has the financial ability to do so," the defendant husband ("husband") is obligated to pay the "reasonable expenses" for summer camp, and under Article 10.3 he shall pay "all expenses . . . for . . . private secondary school" for the then three minor children if he is "financially able to do so." The interpretation and enforcement of that provision was the subject of a Motion to Compel by the wife dated August 7, 2000. Following a hearing, the court (Novack, J.T.R.) issued a Memorandum "of Decision dated November 24, 2000, wherein the husband was found to be responsible for and ordered to pay certain educational and camp expenses in accordance with the Agreement. At the same time, the wife asked that the court award her counsel fees as set forth in her financial affidavit pursuant to Article 15.2 of the Agreement. That article, which provides for the payment of the reasonable attorneys fees and costs of the prevailing party in a legal action to "enforce the performance of' the terms of the Agreement, is not without some ambiguity. However, this court has exercised its discretion in construing same so as to give effect to obvious intentions of the parties. The court, having no evidence before it regarding the hours involved or the hourly rate of counsel, denied the motion without prejudice to renew the motion at a future short calendar session. The wife did so by way of a motion dated November 28, 2000, to which was appended the invoice of her attorney, Robert E. Arnold, Esq., covering the period August 8, 2000 through November 17, 2000, for legal fees in the amount of $7030.00 and costs in the amount of $1758.45 for a total claim of $8788.45.
A hearing was held before this court on January 8, 2001, at which time CT Page 4821 the husband appeared pro se and the wife appeared through counsel. At the conclusion of oral argument, both parties stipulated that the court could consider their respective financial affidavits on file, as updated by their oral representations. In addition, Attorney Arnold made oral representations to the court as to additional legal fees and costs, but no evidence was offered in support thereof
The questions presented for determination by the court are as follows: 1) Is an award of attorneys fees to the wife appropriate, and if so, the amount of the award; and 2) Are the attorney's fees requested by the wife reasonable?
 LAW
In general, an award of attorneys fees in a family matter is within the discretion of the court based upon a review of the financial ability of each party. Section 46b-62 C.G.S. The Connecticut Supreme Court has held that such an award must be based upon a finding by the court that there are ample liquid assets with which to make the payment. Koizim v.Koizim, 181 Conn. 492, 500-01 (1980). However, where the parties have agreed to the payment of reasonable attorneys fees and costs in the event of a default by one of them, then the court may order the payment of same without consideration of their respective financial abilities. In such a case, the court must first determine whether or not a breach has occurred, and if so, then make a determination of the "amount of reasonable attorneys fees to be awarded." Goold v. Goold,11 Conn. App. 268, 288-89 (1987). Where, as here, the court is called upon to make an award of attorneys fees based upon the findings of the court at a prior hearing at which another judge presided, the court must hold an evidentiary hearing. Diamond v. Diamond, 32 Conn. App. 733,743-44, 631 A.2d 1157 (1993). At such a hearing before the court, a party must have "an opportunity to challenge the reasonableness of the fees."Dobozy v. Dobozy, 241 Conn. 490, 500-01 (1997), as well as "the opportunity to contest his ability to pay such fees." Castro v. Castro,31 Conn. App. 761, 771, 627 A.2d 452 (1993).
 FINDINGS
The court, having reviewed the file, Sections 46b-62 and 46b-82 C.G S., and having considered the testimony of the parties and the evidence presented to the court at the time of the hearing, including the financial affidavits, hereby finds as follows:
 1. That the parties entered into an Agreement dated February 18, 1992, which agreement was found fair and equitable by the court and incorporated into CT Page 4822 its decree of even date therewith.
 2. That under the terms of said Agreement, in particular Article 15.2, in the event of a breach or failure to perform the obligations of the Agreement, in an action to enforce the terms thereof the prevailing party is entitled to their reasonable counsel fees together with costs and expenses.
 3. That following an evidentiary hearing before this court, an order was entered by way of a Memorandum of Decision dated November 24, 2000, which confirmed the husband's obligation for certain educational and camp expenses for the remaining minor child under Articles 10.1 and 10.3 of the Agreement; and that the court deferred a decision regarding an award of attorneys fees and costs to a later hearing.
 4. While the previous court did not specifically use the words "default" or "breach," the court did find that the husband was responsible for certain camp and educational expenses under the Agreement; and that, therefore, this court finds that the husband has failed to perform his legal obligation in this regard; that the wife has prevailed in her legal action to enforce the terms of the Agreement; and that, therefore, it is equitable and appropriate that the wife receive some or all of the reasonable fees and costs incurred by her in connection with her Motion to Compel dated August 7, 2000, to the extent to which they are supported by the evidence presented.
 5. That a hearing was held before this court on January 8, 2001, at which time the husband had an opportunity to challenge the amount and/or reasonableness of the attorneys fees sought.
 6. That at the time of said hearing, counsel for the wife, offered to the court his oral representations regarding additional fees and costs incurred, which offer was unsupported by any evidence and was, therefore, not properly before CT Page 4823 the court.
 7. That following a review of the statement of costs and services presented to the court at the time of hearing, the court finds that the reasonable amount of attorneys fees are $5000.00 and costs in the amount of $285.95, for a total of $5285.45.
 ORDER
IT IS HEREBY ORDERED THAT:
The defendant shall pay to the plaintiff the sum of $5285.45 as follows:
$1285.45 on or before April 15, 2001, and thereafter the sum of $500.00 per month commencing May 15, 2001, and monthly thereafter until the same shall be paid in full.
THE COURT
SHAY, J.