[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal, brought by the defendant, from decisions of the family support magistrate, McCarthy, FSM, rendered on August 21, 2001. A brief history of the orders in this case is warranted.
A judgment dissolving the marriage of the parties entered on February 11, 1992 wherein the defendant was ordered to pay $75 per week child support for each of two children. The defendant filed, on November 2, 1992, a motion to modify dated October 29, 1992 (# 161). On May 3, 1993 CT Page 1265 the court, Doherty, J, found the defendant in arrears on his child support obligation in the amount of $3,750 and ordered the child support to continue in the amount of $150 per week. At a hearing held on May 3, 1993 Judge Doherty made certain comments in his ruling regarding retroactivity, which will be discussed later.
On April 4, 2001 Support Enforcement Services, on behalf of the plaintiff, filed an application for contempt order (#172) against the defendant and on May 7, 2001 the defendant filed a motion for modification, dated May 2, 2001, (# 173).
In his motion for modification (# 173) the defendant referred to comments made by Judge Doherty on May 3, 1993 regarding retroactivity. He also requested that the child support order be modified retroactive to November 2, 1992, the filing date of his first motion to modify. The motion for contempt and the motion to modify were both heard on August 21, 2001 by Magistrate McCarthy. On August 21, 2001, after hearing, Magistrate McCarthy denied the motion for modification from the date of service onward, and indicated that he would render a decision on the requested nine year retroactive modification after counsel filed briefs. On August 21, 2001 he also found the defendant in contempt, ordered him incarcerated, set a $2,500 purge amount, and ordered a $1,500 appearance bond. The defendant subsequently paid the purge amount and posted the appearance bond.
On August 31, 2001, the defendant filed the instant appeal from the magistrate's decision to deny his motion for modification and the decision to grant the plaintiff's motion for contempt. By memorandum of decision dated October 1, 2001, filed October 12, 2001, Magistrate McCarthy denied the defendant's request for retroactive modification prior to the date of service of his motion. The defendant did not file a separate appeal from this decision. The court notes that in the appeal the defendant filed on August 31, 2001, the section entitled "Filing Date of Magistrate's Decision" contains the following language: "August 21, 2001 partial decision from bench, supplemental written decision expected."
In argument, and in briefs, the plaintiff and the State of Connecticut have pointed out that the defendant did not specifically appeal the decision filed on October 12, 2001 regarding retroactivity. The court is aware that failure to comply with statutory provisions by which a statutory right of appeal is created subjects the appeal to dismissal.Citizens Against Pollution Northwest Inc. v. Connecticut Siting Council,217 Conn. 143 (1991). However, the court is also mindful that our Supreme Court in the case of Killingly v. Connecticut Siting Council,220 Conn. 516, 522 (1991) stated "[w]here a decision as to whether a CT Page 1266 court has subject matter jurisdiction is required, every presumption favoring jurisdiction must be indulged. . . . A trial court should make every effort to adjudicate the substantive controversy before it, and, where practicable, should decide a procedural issue so as not to preclude hearing the merits of an appeal." (Original punctuation and citations omitted.) Under the unique facts presented by this case, the court concludes that it has jurisdiction to determine the issue of retroactivity, decided by the magistrate in his October 1, 2001 decision, in this appeal.
The defendant does not claim that his present earnings justify a modification of his child support obligation. He does claim that if his annual earnings from 1993 are used in annual child support guideline computations, a lower child support amount is indicated. For this reason he seeks retroactive modification back to the date of filing of his first motion to modify (#161).
Retroactivity
In his motion for modification dated May 2, 2001 (# 173) the defendant requested that his child support obligation be retroactively modified to November 2, 1992, the date of filing of his first motion to modify (#161). The defendant claims that he is justified in this request because of certain comments made by Judge Doherty in his ruling, issued from the bench, on May 3, 1993. A transcript of those comments was before Magistrate McCarthy at the hearing held on August 21, 2001 and was also attached as an exhibit to the defendant's brief in this appeal. The pertinent comments made by Judge Doherty at the May 3, 1993 hearing are printed below.[1] The defendant construes Judge Doherty's comments as an order for retroactive modification when the defendant chose to come back to court. This construction does not find support in the language utilized by Judge Doherty or in the applicable law.
At the May 3, 1993 hearing Judge Doherty did not find sufficient evidence to change the basis of the child support order from earning capacity to earning status. He did not modify the child support order of $150 per week, however, he wanted "to do something that acknowledges what efforts [the defendant] made." The court indicated that if the defendant offered testimony and evidence the court would consider a modification. Furthermore, the court acknowledged that the defendant had "a right toclaim that a modification would relate back to the date of filing." (Emphasis supplied.) This language does not give rise to an automatic retroactive modification. Judge Doherty left the door open for the defendant to come before him again to submit evidence in connection with his motion for modification filed on November 2, 1992. This door did not stay open forever. The case was not continued to a date certain. Judge CT Page 1267 Doherty said "I don't want to continue this thing in perpetuity." This court infers that Judge Doherty provided the defendant an opportunity to come before him to present evidence regarding a modification at a rehearing on the motion for modification (# 161). The defendant did not make any efforts to come back before Judge Doherty in connection with his motion for modification and returned to court, eight years later, only when the plaintiff filed her motion for contempt. This court concludes that the defendant's first motion to modify (# 161) was ruled on by Judge Doherty on May 3, 1993, the defendant did not seek a rehearing on that motion, and comments made by Judge Doherty do not affect these subsequent proceedings.
After the plaintiff filed her motion for contempt with the assistance of the State of Connecticut, the defendant filed a motion for modification dated May 2, 2001 which is the subject of this appeal. Although the defendant's latest motion refers to findings and comments made by Judge Doherty on May 3, 1994, it is a separate and independent motion for modification. General Statutes § 46b-86 (a) prohibits retroactive modification of an existing support order. See Diamond v.Diamond, 32 Conn. App. 733 (1993).
The defendant did not take advantage of the opportunity for a rehearing offered by Judge Doherty in 1993 in connection with his October 29, 1992 motion (# 161) and, § 46b-86 (a) prohibits retroactive modification in connection with the instant motion for modification filed on May 2, 2001 (# 173).
The magistrate's decision to deny retroactive modification to November 2, 1992 did not prejudice the substantial rights of the defendant.
Contempt
The thrust of the defendant's argument is that because the magistrate did not make a finding of an arrearage at the time he found the defendant in contempt, the contempt finding is improper. This court concludes that a finding of an arrearage amount is not a prerequisite or a requirement to a finding of contempt. Recently, our Supreme Court in the case ofEldridge v. Eldridge, 244 Conn. 523 (1998) upheld the trial court's finding of contempt where the trial court found that there was no present balance due the payee and, in fact, the contemnor was due a credit in excess of $10,000 from the payee.
"Contempt proceedings are a proper means of enforcing a court order of child support. Unlawful failure to pay court ordered child support as it becomes due constitutes indirect civil contempt." (Citations omitted.)Mulholland v. Mulholland, 31 Conn. App. 214, 220 (1993). In this case, CT Page 1268 Magistrate McCarthy specifically found that the order of child support was valid and unambiguous, he found that the defendant had an ability to pay, and he also found that the defendant willfully failed to comply with the court order. Based upon these findings the defendant was found to be in contempt of court orders. (Transcript, August 21, 2001 hearing, pgs. 91 and 92.) The substantial rights of the defendant were not prejudiced by the magistrate.
The court concludes that the decisions of the magistrate entered on August 21, 2001 did not prejudice the substantial rights of the defendant for any of the reasons stated in General Statutes §46b-231 (n)(7)(a)-(f). The decisions of the magistrate are affirmed.
Domnarski, J.