## ROBERT GARDNER *v.* MAUREEN FALVEY
### (AC 15237)

Foti, Schaller and Harrigan, Js.

Argued February 21—officially released July 15, 1997

*Michael R. Hasse,* with whom were *Matthew Greene* and, on the brief, *Richard T. Miller,* for the appellant (defendant).

*Nancy M. O'Neill,* for the appellee (plaintiff).

*Opinion*

HARRIGAN, J. This appeal arises out of an action for adjudication of paternity and visitation rights. The defendant appeals from the order of the trial court granting three hours of unsupervised visitation per

week to the plaintiff. The sole issue raised by the defendant is whether the trial court abused its discretion by not appointing an attorney for the minor child. Although the appeal form states that the appeal is from the "Motion for Visitation," the defendant challenges the trial court's denial of her oral motion to appoint an attorney for the minor child made at the hearing on the visitation motion. We conclude that, because the trial court granted a motion for reargument filed by the defendant on this issue, but never heard the reargument, the appeal must be dismissed for lack of a final judgment.

The parties, who never married, had one child in 1988. The plaintiff, Robert Gardner, filed a complaint seeking an adjudication of paternity and both pendente lite and permanent visitation. On August 3, 1995, the defendant filed a motion for custody pendente lite, which was granted by the trial court after a hearing on visitation held on September 18, 1995. At the conclusion of all of the testimony, but before the trial court ruled on the visitation schedule, the defendant moved the court to appoint an attorney for the child. The trial court indicated that it did not need to hear closing arguments to decide the issue of visitation. The trial court orally denied the defendant's motion to appoint counsel for the minor child and awarded the plaintiff three hours of unsupervised visitation per week. That judgment of unsupervised visitation pendente lite of September 18, 1995, is the judgment being appealed.

The defendant filed the appeal on September 27, 1995. One day later, on September 28, she filed a motion for reargument of the plaintiff's motion for visitation, claiming in the body of the motion that her motion for the appointment of counsel for the child was improperly denied. The trial court granted the defendant's motion for reargument. No reargument, however, ever occurred. Subsequently, the parties filed several other

motions. The defendant filed a motion for stay of execution of the visitation order on September 28, 1995, until reargument on the plaintiff's motion for visitation, which the trial court denied. On October 10, 1995, the plaintiff filed a motion for judgment of paternity. On October 20, 1995, the plaintiff filed a motion for contempt and a motion for attorney's fees. The plaintiff's motion for judgment of paternity was granted in accordance with a stipulation made by the parties dated November 6, 1995.[1] The stipulation provided that, in addition to the visitation ordered by the court, the parties would meet with a therapist once a week in order to facilitate visitation. The stipulation, however, does not make any mention of the claim regarding counsel for the minor child, or of the motion for reargument of the plaintiff's motion for visitation, which essentially concerned the alleged necessity for counsel for the child.

We conclude that the last line of the stipulation, "[a]ll other motions shall go off without prejudice," does not refer to the reargument hearing. The only motions pending at the time of the stipulation were the plaintiff's motions for contempt and for attorney's fees. The motion for reargument had already been granted. It was, therefore, not a pending motion that could "go

---

[1] The stipulation states as follows: "It is hereby stipulated and agreed that the parties will, in addition to the present visitation order of the court, meet with Paula Keavy of Psychiatric Associates of 391 Ocean Ave., New London, CT., at least once weekly, for therapeutic sessions to facilitate visitation. Should [the plaintiff] decide that he would prefer to involve a different therapist, other than Paula Keavy, he may do so and [the defendant] will cooperate fully to make herself . . . available for the therapy. This therapy shall continue for a period of seven weeks, in addition to the unsupervised visitation as ordered by the court, which visitation shall continue indefinitely as ordered by the court.

"The defendant shall seek an extension of time to further process the pending appeal in this matter.

"The motion for judgment shall be proved by agreement on Nov. 6, 1995. All other motions shall go off without prejudice."

off." Since there was no disposition of the reargument, the controversy is not ripe for our review, and there is no final judgment. See *State* v. *Curcio*, 191 Conn. 27, 29–30, 463 A.2d 566 (1983).[2]

The appeal is dismissed.

In this opinion the other judges concurred.

---

[2] After the trial court granted the motion for reargument, there were further proceedings in that court likely to affect the rights of the parties. This is true of the minor child in particular because the trial court has not yet resolved the question of whether the minor child needs to have her own counsel appointed. Since this is the only issue briefed on appeal, we cannot address it before the trial court has heard the reargument and renders a decision.