# NEW ENGLAND SAVINGS BANK *v.* MAUREEN CLARK
## (AC 18161)

Lavery, Schaller and Spear, Js.

Argued March 22—officially released July 6, 1999

*Paul M. Geraghty,* for the appellant (plaintiff).

*Maureen Clark,* pro se, the appellee (defendant), with whom, on the brief, was *Charles J. Irving.*

LAVERY, J. The plaintiff, New England Savings Bank,[1] appeals to this court following the trial court's denial of its motion for postjudgment attorney's fees filed pursuant to General Statutes § 52-400c.[2] On appeal, the plaintiff claims that the trial court improperly denied it due process of law by (1) failing to refer the motion to the original finder of fact, (2) failing to hold an evidentiary hearing on the motion and (3) abusing its discretion in denying the motion. We reverse the judgment of the trial court.

The case has a lengthy history and only the following facts are relevant to our review. The defendant, Maureen Clark, signed a promissory note in favor of the plaintiff in March, 1988. Although the plaintiff made demand on the note in August, 1989, the defendant failed to make payment in full. The parties engaged in considerable motion practice before June, 1992, when judgment was rendered in favor of the plaintiff pursuant to the parties' written stipulation. In March, 1995, the plaintiff initiated postjudgment discovery. In May, 1995, the defendant filed a motion to open the judgment. The motion to open was denied by the trial court, *Austin, J.*, in March, 1996, following a three day hearing. Judge Austin issued a twenty-seven page memorandum of decision concluding, in part, that the defendant was not credible. On April 1, 1996, the defendant appealed following the denial of her motion. On April 30, 1996, the plaintiff filed a motion for attorney's fees, pursuant

---

[1] During the pendency of this law suit, the plaintiff failed and was taken into receivership by the Federal Deposit Insurance Corporation, which assigned the loan to National Loan Investors, LP, the real party in interest.

[2] General Statutes § 52-400c provides in relevant part: "In the discretion of the court, a reasonable attorney's fee may be allowed to the prevailing party . . . (3) for counsel at any other hearing that is reasonable and necessary for the enforcement of rights pursuant to a postjudgment procedure that is held on a claim or defense that the court determines was made for the purpose of harassment or solely for the purpose of delay."

to § 52-400c (3), claiming that the motion to open was filed for purposes of harassing or delaying the plaintiff's right to execute the judgment. The motion for fees was stayed pending the appeal.

This court affirmed the trial court's denial of the defendant's motion to open in a per curiam opinion.[3] Thereafter, on January 7, 1998, the plaintiff filed another motion for fees, adding to the ground previously claimed that the appeal also was taken for purposes of harassing or delaying the plaintiff's right to execute the judgment. The first page of the 1998 motion for fees contained the words "oral argument requested/testimony will be required."[4] The defendant objected to the 1998 motion for fees to which the plaintiff responded, in part, by asking that the motion be referred to Judge Austin. The 1998 motion for fees was assigned to the trial court, *Handy, J.*, pursuant to short calendar procedures.[5] Judge Handy denied the motion for fees without hearing oral argument from the parties or receiving testimony. Subsequently, in response to the plaintiff's request for a statement of decision filed pursuant to Practice Book § 64-1, Judge Handy issued a memorandum of decision stating, in part: "Section 52-400c of the General Statutes specifies that requests for such fees are 'in the discretion of the court.' In this court's discretion, the plaintiff failed to establish a convincing argument that the motion to [open] was frivolous. While the plaintiff and even this very court may question the defendant's motives, *there is not enough information in this court's record to establish either a meritless motion or a meritless appeal.* The plaintiff's 'saying it's so' does not 'make it so.' " (Emphasis added.) Judge

---

[3] *New England Savings Bank* v. *Clark*, 44 Conn. App. 920, 690 A.2d 435 (1997).

[4] See Practice Book § 11-18 (a) (2).

[5] During the pendency of the appeal, Judge Austin's status changed from that of senior judge to judge trial referee.

Handy also denied the plaintiff's motion for reconsideration. This appeal followed.

On appeal, the plaintiff claims that it was denied due process of law because Judge Handy improperly (1) abused her discretion in failing to refer the 1998 motion for fees to Judge Austin, (2) denied the plaintiff an evidentiary hearing on its motion for fees and (3) abused her discretion in denying the motion for fees. Only the second claim is a due process claim, which we have reformulated to ask whether the trial court was required to hold an evidentiary hearing on the plaintiff's § 52-400c (3) motion for fees.

The interpretation of a statute is a question of law requiring plenary review. See *Butler* v. *Hartford Technical Institute, Inc.*, 243 Conn. 454, 458, 704 A.2d 222 (1997). Section 52-400c provides in relevant part: "In the discretion of the court, a reasonable attorney's fee may be allowed to the prevailing party . . . (3) for counsel at any other hearing that is reasonable and necessary for the enforcement of rights pursuant to a postjudgment procedure that is held on a claim or defense that *the court determines was made for the purpose of harassment or solely for the purpose of delay.*" (Emphasis added.) To determine whether the plaintiff was entitled to attorney's fees, a question separate from the amount of attorney's fees to which a party may be entitled, the trial court had to determine whether the defendant's motion to open and her appeal were for the purpose of harassment or solely for delay, which is a question of fact.

"Generally, when the exercise of the court's discretion depends on issues of fact which are disputed, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." (Internal quotation marks omitted.) *Woodward* v. *Woodward*, 44

Conn. App. 99, 103, 686 A.2d 1010 (1997). It is fundamental that "when . . . issues of fact . . . are disputed, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." (Internal quotation marks omitted.) *Nelson* v. *Nelson*, 13 Conn. App. 355, 367, 536 A.2d 985 (1988).

Although neither the parties nor this court can find any law holding that a hearing is required with respect to a § 52-400c motion, the plaintiff looks to dissolution of marriage statutes where the trial court is permitted to award attorney's fees, particularly General Statutes §§ 46b-62 and 46b-82, and relies heavily on *Diamond* v. *Diamond*, 32 Conn. App. 733, 744, 631 A.2d 1157 (1993). Although the factual question in *Diamond* is not on point, the case is instructive, as are *Barco Auto Leasing Corp.* v. *House*, 202 Conn. 106, 120, 520 A.2d 162 (1987) (plaintiff denied undisputed right to litigate reasonableness of attorney's fees); *Bizzoco* v. *Chinitz*, 193 Conn. 304, 310, 476 A.2d 572 (1984) (insufficient evidence before trial court about services performed or time spent by counsel); and *Appliances, Inc.* v. *Yost*, 186 Conn. 673, 680, 443 A.2d 486 (1982) (no award for attorney's fee may be made when evidence insufficient). Although the issue in none of those cases was whether a hearing was required to determine whether attorney's fees were warranted, they nonetheless support the proposition that a party is entitled to an evidentiary hearing on a question of fact. See also *Housing Authority* v. *Lamothe*, 225 Conn. 757, 767, 627 A.2d 367 (1993).

Judge Handy's memorandum of decision states, in part: "In this court's discretion, the plaintiff failed to establish a convincing argument that the motion to [open] was frivolous. While the plaintiff and even this very court may question the defendant's motives, there is not enough information in this court's record to establish either a meritless motion or a meritless appeal."

Despite the absence of information in the record and her own questions concerning the defendant's motive, Judge Handy denied the plaintiff the opportunity to present evidence that either the motion to open or the appeal was taken to harass or delay the execution of the plaintiff's judgment. The failure to grant the plaintiff an evidentiary hearing is a denial of due process.

Where the record reveals that a party sought to present evidence to the court on a question of fact and the trial court itself comments on the lack of information in the record, a hearing is required. See *Cromwell Commons Associates* v. *Koziura*, 17 Conn. App. 13, 17, 549 A.2d 677 (1988). Here, the trial court should have held a hearing to determine whether the defendant filed her motion to open or took an appeal for the purpose of harassing or solely for the purpose of delay.[6] Without a factual finding, there is no basis on which the trial court could exercise its discretion in determining whether attorney's fees are warranted.

We hold that the plaintiff was denied due process of law because the trial court failed to hold a evidentiary hearing on its motion for fees. We, therefore, cannot determine whether the trial court improperly exercised its discretion in denying the plaintiff attorney's fees, i.e., the plaintiff's third claim.

The denial of the plaintiff's motion for fees is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

---

[6] We note that this is a factual determination different from that made by Judge Austin in denying the defendant's motion to open. Judge Austin was required to determine whether the judgment entered was the result of fraud, mistake or accident.