## THOMAS LAMBERT *v.* KATHLEEN DONAHUE
## (AC 20296)

Lavery, C. J., and Schaller and Spear, Js.

Argued February 20—officially released April 9, 2002

---

*Maria Chiarelli*, with whom, on the brief, was *Joseph Chiarelli*, for the appellant (plaintiff).

*Lisa A. Faccadio*, with whom, on the brief, was *Christine S. Dorsey*, for the appellee (defendant).

### Opinion

PER CURIAM. The plaintiff, Thomas Lambert, appeals from postjudgment orders made in the context of an action for custody of the parties' minor child. For the reasons stated herein, we dismiss the plaintiff's appeal. We further affirm the court's judgment with regard to the plaintiff's amended appeal.[1]

The parties are the parents of a child born on January 1, 1991. The parties were never married. In orders entered on November 12, 1993, the child was placed in the parties' joint custody with physical custody granted to the defendant, Kathleen Donahue. The court also entered visitation and support orders. Several postjudgment motions were filed by the parties. Hearings on the parties' motions were held over a number of weeks, concluding on July 16, 1999. At the end of the hearings, the court asked the parties to submit written responses to several questions regarding the parents' schedules,

---

[1] We affirm the May 11, 2000 judgment challenged in the plaintiff's amended appeal that was filed on October 25, 2000. We dismiss the plaintiff's amended appeal filed December 11, 2000, as untimely and duplicative of the amended appeal filed on October 25, 2000.

the child's activities, and facts relating to vacation schedules and plans. The defendant filed her response on August 27, 1999, and the plaintiff filed his on October 4, 1999. After receiving the responses, the court issued its decision on October 15, 1999. The court awarded sole custody of the child to the defendant, and changed the visitation arrangements and the child support payments. In addition, the court found the plaintiff in contempt for taking the child out of state without notifying the defendant of the child's location or telephone number, and it ordered the plaintiff to pay $3000 in counsel fees on behalf of the defendant.

The plaintiff filed a timely appeal on December 2, 1999, contesting the October 15, 1999 order. One of the issues the plaintiff raises on appeal is whether the court improperly relied on the statements that the parties made in response to inquiries from the court, where there had been no opportunity for the parties to conduct cross-examination regarding the contents of the statements.[2] In the same regard, the plaintiff filed a motion on February 29, 2000, asking the court to hold an evidentiary hearing regarding the parties' responses to the court's questions. The court granted the motion for an evidentiary hearing on April 19, 2000. As of the date of oral argument on the plaintiff's appeal, the evidentiary hearing had not been held.

---

[2] The other issues raised by the plaintiff are whether the court improperly (1) modified child custody, visitation and support without appointing an attorney or guardian ad litem to represent the minor child, (2) modified the judgment by awarding sole legal and physical custody of the unrepresented minor child to the defendant where the defendant did not file a motion to modify custody or visitation alleging a substantial change of circumstances, and the court did not make any finding regarding a change of circumstances and failed to consider the statutory criteria pursuant to General Statutes § 46b-56 concerning custody, (3) found that the plaintiff had "admitted" that the child spends 75 percent to 80 percent of his parenting time with the child's grandparents and not with the plaintiff when that was not the plaintiff's testimony, (4) awarded $3000 in counsel fees to the defendant without stating the basis for the award, and (5) failed to rule on the plaintiff's pleading, titled "Motion for Contempt Post-Judgment Vacation."

In *Gardner* v. *Falvey*, 45 Conn. App. 699, 697 A.2d 711 (1997), the trial court rendered a final judgment, and a proper appeal was taken. Thereafter, a motion to reargue was filed with the trial court, and the court granted the motion, but the reargument had not actually taken place at the time the appeal was heard by the Appellate Court. The Appellate Court dismissed the appeal, holding that because there was no disposition of the reargument, the controversy was not ripe for the court's review, and there was no final judgment. Id., 702. We view the present case as analogous to *Gardner* and, accordingly, dismiss the plaintiff's appeal due to the lack of a final judgment.

We next consider the plaintiff's amended appeal, and, in that context, consider the following additional facts. On November 15, 1999, the defendant filed a motion for counsel fees to defend postjudgment motions and the appeal that she expected the plaintiff to file. The plaintiff's appeal was filed on December 2, 1999, and on May 11, 2000, the court granted the defendant's motion and ordered the plaintiff to pay $4000 toward the defendant's expenses in defending the appeal. On October 25, 2000, the plaintiff filed an amended appeal contesting the May 11, 2000 counsel fee order.[3]

With regard to our consideration of the plaintiff's amended appeal, we note that Practice Book § 61-9 provides in relevant part that "the court may order that an amended appeal be briefed or heard separately from the original appeal. . . ." We further note that the order requiring the plaintiff to pay $4000 toward the cost of the defendant's defense of the appeal was an appealable final judgment. See *Benvenuto* v. *Mahajan*, 245 Conn. 495, 504, 715 A.2d 743 (1998).

The plaintiff argues that the court improperly awarded the defendant a payment of $4000 in counsel

---

[3] On December 14, 2000, this court granted the plaintiff permission to file a supplemental brief regarding the $4000 award of attorney's fees.

fees without indicating the basis or reason for the award.[4] The defendant counters that the evidence presented to the court was sufficient to justify the award of attorney's fees. We agree with the defendant.

General Statutes § 46b-62 provides in relevant part that "[i]n any proceeding seeking relief under the provisions of this chapter . . . the court may order either spouse or, if such proceeding concerns the custody, care, education, visitation or support of a minor child, either parent to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and criteria set forth in section 46b-82. . . ." "Whether to allow counsel fees and in what amount calls for the exercise of judicial discretion. . . . In determining whether to allow counsel fees, the court must consider the statutory criteria set out in [General Statutes] §§ 46b-62 and 46b-82 and the parties' respective financial abilities. . . . An abuse of discretion in granting the counsel fees will be found only if this court determines that the trial court could not reasonably have concluded as it did." (Internal quotation marks omitted.) *Papa* v. *Papa*, 55 Conn. App. 47, 57, 737 A.2d 953 (1999). On the basis of our review of the record, we cannot conclude that the court abused its discretion in ordering the plaintiff to pay $4000 in counsel fees to the defendant to defend the appeal.

The appeal from the October 15, 1999 judgment and the second amended appeal are dismissed; the May 11, 2000 judgment awarding attorney's fees to the defendant is affirmed.

---

[4] On November 21, 2000, the court denied the plaintiff's motion for articulation in which the plaintiff requested that the court articulate the basis on which it awarded $4000 in counsel fees to the defendant and the statutory criteria on which it awarded $4000 in counsel fees to the defendant. On the same date, the court also denied the plaintiff's motion to correct postjudgment, and his motions to open and to modify postjudgment.