## KERRY ESPOSITO *v.* MATTHEW ESPOSITO
### (AC 21868)

Foti, West and Daly, Js.

Argued April 30—officially released August 27, 2002

*Gerald H. Kahn*, for the appellant (plaintiff).

*Ronald J. Piombino*, for the appellee (defendant).

*Opinion*

WEST, J. The plaintiff, Kerry Esposito, appeals from the judgment of the trial court awarding her attorney's fees in connection with a contempt hearing to enforce the terms of the parties' dissolution of marriage agreement. The principal issue in this appeal is whether the court improperly failed to conduct an evidentiary hearing prior to deciding the amount of attorney's fees to be awarded to the plaintiff. The second issue on appeal is whether the court abused its discretion in awarding attorney's fees in the amount of $500, where the plaintiff had submitted an affidavit supporting her request for attorney's fees in the amount of $8651.28.[1] We affirm the judgment of the trial court.

The following facts are necessary for our resolution of the plaintiff's appeal. On July 28, 1998, the plaintiff filed an action for the dissolution of her marriage to the defendant, Matthew Esposito, and the court dissolved the parties' marriage on January 18, 2000. The parties submitted a written agreement concerning custody, child support, alimony and the disposition of their

---

[1] The plaintiff's affidavit claimed $8651.28 in fees and expenses related to the contempt action before the court, with a projected additional $1500 to $2500 being necessary to bring the action to a conclusion, and an outstanding balance of $4290.18 from the dissolution action.

property, which the court incorporated by reference into its judgment of dissolution. According to the terms of that agreement, the defendant was obligated to pay $350 per week in child support and up to $200 a month toward qualifying day care expenses for the parties' minor child.

On October 10, 2000, the plaintiff filed an application for rule to show cause and motion to hold the defendant in contempt. The motion alleged that beginning on June 4, 2000, the defendant had failed to pay child support in accordance with the terms of the court order. The motion further alleged that from the time of the dissolution in January, 2000, the defendant had failed to pay qualifying day care expenses as required by the court order. The motion claimed that the defendant was in arrears $4750 with respect to the child support commitment and $2000 with respect to the day care expenses.

On December 15, 2000, the plaintiff filed a second motion to hold the defendant in contempt, repeating the principal allegations of her previous motion and updating the arrearage figures to reflect unpaid balances through December 17, 2000. As adjusted, the plaintiff claimed $7250 in unpaid child support and $2400 in unpaid day care expenses.

The court held a hearing on the contempt motion on January 17, 2001. At the conclusion of the hearing, the court found the defendant in contempt and found the arrearage to be $1740.[2] The court awarded the plaintiff attorney's fees of $500.

On February 2, 2001, the plaintiff filed a motion to open the judgment awarding her $500 in attorney's fees on the ground that she had been denied her right to an evidentiary hearing on her request for attorney's fees.

[2] Prior to the hearing, the defendant had paid $8500 of the claimed arrearage.

The court denied that motion on April 11, 2001. This appeal followed.

The plaintiff first claims that the court's award of $500 as attorney's fees was improper because the court failed to hold an evidentiary hearing on the subject of attorney's fees. We disagree.

"Whether to allow counsel fees and in what amount calls for the exercise of judicial discretion." (Internal quotation marks omitted.) *Lambert* v. *Donahue*, 69 Conn. App. 146, 150, 794 A.2d 547 (2002). "Generally, when the exercise of the court's discretion depends on issues of fact which are disputed, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." (Internal quotation marks omitted.) *New England Savings Bank* v. *Clark*, 54 Conn. App. 121, 124, 734 A.2d 146 (1999).

In the present case, there were no disputed facts concerning the plaintiff's request for attorney's fees. In the memorandum of decision accompanying its denial of the plaintiff's motion to open the judgment, the court stated that it "assumed the affidavit of the plaintiff's attorney that he had expended thirty-five hours and that his hourly rate was $225 for a total attorney's fee of $7875 to be true and accurate. The only issue to be determined was the reasonableness of the fee."

In *Petronella* v. *Venture Partners, Ltd.*, 60 Conn. App. 205, 216, 758 A.2d 869 (2000), appeal dismissed, 258 Conn. 453, 782 A.2d 97 (2001), we upheld an award of attorney's fees despite the fact that the trial court did not hold an evidentiary hearing on the subject. In upholding the award of attorney's fees over the defendant's argument that such an award was improper in the absence of a hearing, we relied on our Supreme Court's statement that " 'courts may rely on their general knowledge of what has occurred at the proceedings

before them to supply evidence in support of an award of attorney's fees.' " Id., quoting *Bizzoco* v. *Chinitz*, 193 Conn. 304, 310, 476 A.2d 572 (1984). In the present case, as in both *Petronella* and *Bizzoco*, the court was familiar with counsel's preparation and presentation of the case. Accordingly, there was no need for the court to hold an evidentiary hearing on the subject of attorney's fees, and the court did not abuse its discretion in awarding attorney's fees to the plaintiff in the absence of such a hearing.

We next turn to the plaintiff's claim that the court abused its discretion in awarding attorney's fees in the amount of $500. Specifically, the plaintiff claims that her due process rights were violated because she submitted a financial affidavit that set forth $8651.28 in attorney's fees in connection with the case, but the court awarded her only $500 in attorney's fees.

General Statutes § 46b-87 provides that the court may award attorney's fees to the prevailing party in a contempt proceeding.[3] The award of attorney's fees in contempt proceedings is within the discretion of the court. *Bowers* v. *Bowers*, 61 Conn. App. 75, 81–82, 762 A.2d 515 (2000), appeal dismissed, 258 Conn. 710, 784 A.2d 889 (2001). "An abuse of discretion in granting the counsel fees will be found only if this court determines that the trial court could not reasonably have concluded as it did." (Internal quotation marks omitted.) *Lambert* v. *Donahue*, supra, 69 Conn. App. 150.

We first address the plaintiff's argument that the award of attorney's fees should have been determined by taking into consideration the parties' relative finan-

---

[3] General Statutes § 46b-87 provides in relevant part: "When any person is found in contempt of an order of the Superior Court . . . the court may award to the petitioner a reasonable attorney's fee . . . such sums to be paid by the person found in contempt . . . ."

cial positions pursuant to General Statutes § 46b-62.[4] We disagree with the plaintiff that the court was required to consider the parties' financial positions in awarding attorney's fees and that the failure to do so was an abuse of the court's discretion.

Although the award of attorney's fees pursuant to § 46b-62 is appropriate when a complaining party has brought an unsuccessful contempt action, where contempt is established, the concomitant award of attorney's fees properly is awarded pursuant to § 46b-87 and is restricted to efforts related to the contempt action. See *Eldridge* v. *Eldridge*, 244 Conn. 523, 534–38, 710 A.2d 757 (1998). Unlike § 46b-62, § 46b-87 does not contain any requirement that the award of attorney's fees is to be determined with reference to the relative financial positions of the parties. *Dobozy* v. *Dobozy*, 241 Conn. 490, 499, 697 A.2d 1117 (1997).

The plaintiff also incorrectly assumes that the reasonableness of attorney's fees is determined solely with reference to the amount of time actually spent by the attorney in connection with the matter at hand. It is axiomatic, however, that the determination of reasonableness of attorney's fees appropriately takes into consideration a range of factors, among which the time and labor expended is but one consideration. See *O'Brien* v. *Seyer*, 183 Conn. 199, 206, 439 A.2d 292 (1981) (factors properly considered in determining reasonable compensation to attorney summarized in Code of Professional Responsibility, now rule 1.5 of Rules of Professional Conduct);[5] *Steiger* v. *J.S. Builders, Inc.,*

[4] General Statutes § 46b-62 provides in relevant part: "In any proceeding seeking relief under the provisions of this chapter . . . the court may order either spouse or, if such proceeding concerns the custody, care, education, visitation or support of a minor child, either parent to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities . . . ."

[5] Rule 1.5 (a) of the Rules of Professional Conduct provides: "A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:

39 Conn. App. 32, 38–39, 663 A.2d 432 (1995) (adopting list of factors to be considered by trial court if it determines plaintiff is entitled to attorney's fees, costs in unfair trade practices litigation).

Thus, although there was no dispute as to the hours that the plaintiff's counsel claimed to have devoted to the contempt action, it was within the discretion of the court to determine whether the effort expended on the matter by counsel was reasonable under the circumstances. In making its determination, the court is allowed to rely on its familiarity with the complexity of the legal issues involved. Indeed, it is expected that the court will bring its experience and legal expertise to the determination of the reasonableness of attorney's fees. See *Johnson* v. *Georgia Highway Express, Inc.*, 488 F.2d 714, 717–18 (5th Cir. 1974), cited approvingly by this court in *Steiger* v. *J.S. Builders, Inc.*, supra, 39 Conn. App. 38–39. Moreover, because the award of attorney's fees pursuant to § 46b-87 is punitive, rather than compensatory, the court properly may consider the defendant's behavior as an additional factor in determining both the necessity of awarding attorney's fees and the proper amount of any award.

In the present case, the plaintiff claimed that the defendant owed $8700 in child support and $1540 in

"(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

"(2) The likelihood, if made known to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

"(3) The fee customarily charged in the locality for similar legal services;

"(4) The amount involved and the results obtained;

"(5) The time limitations imposed by the client or the circumstances;

"(6) The nature and length of the professional relationship with the client;

"(7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and

"(8) Whether the fee is fixed or contingent."

Although that rule governs the reasonableness of the fee charged by an attorney to his client, many of the factors equally are appropriate in determining the reasonableness of a judicial award of attorney's fees.

child care expenses. Prior to the hearing, the defendant authorized an attorney, who had settled an employment case for him, to send the plaintiff $8500. The plaintiff received that payment on January 16, 2001, the day before the contempt hearing. Thus, the arrearage owed by the defendant at the time of the hearing was only $1740.

In light of both the amount of the arrearage at the time that the hearing was held and the punitive purpose of § 46b-87, we cannot conclude that the award of $500 in attorney's fees reflected an abuse of the court's discretion.

The judgment is affirmed.

In this opinion the other judges concurred.